OPINION
{¶ 1} Defendant-appellant Terry Kee appeals from the denial by the Delaware Municipal Court of his Motion to Suppress. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 5, 2004, appellant was cited for driving under the influence of alcohol/drugs in violation of R.C. 4511.19(A)(1) and failure to control in violation of Delaware Ordinance 333.08. A breath alcohol test (BAC) yielded a result of .151.
 {¶ 3} Subsequently, on February 23, 2004, appellant filed a Motion to Suppress. Appellant, in his motion, argued, in part, that the arresting officer and/or persons who administered the BAC test failed to administer the test within two hours of appellant's stop as required by R.C.4511.19(D). Thereafter, on March 25, 2004, appellant filed a supplemental Motion to Suppress arguing, in part, that "the officer improperly advised the Defendant that his license would be suspended for one year if he refused the [BAC] test." Appellant further alleged that he had been coerced by the officer into submitting to the BAC test.
 {¶ 4} Pursuant to a Judgment Entry filed on May 28, 2004, the Prosecutor's motion to amend the charges to include a charge that appellant violated R.C. 4511.19(A)(4) was granted.
 {¶ 5} Thereafter, a suppression hearing was held on June 18, 2004. The following testimony was adduced at the hearing.
 {¶ 6} On February 5, 2004, at approximately 10:17 p.m., James Wells, who has a CB base station, was contacted by three truck drivers who saw a wreck on "[U.S.] 23 right at the get-off ramp." Transcript at 10. After the truck drivers asked Wells to call the police, Wells contacted a dispatcher a "couple of minutes" after receiving the report about the wreck. Transcript at 12. According to Wells, a "couple of minutes" is "probably" less than 10 minutes and "absolutely" less than 20 minutes. Transcript at 12.
 {¶ 7} Larry Dore, a sergeant with the Delaware County Sheriff's Office, was headed to his office when he heard about the accident. Upon arriving on the scene, Sergeant Dore observed that an Acura had hit the divider wall for the ramp and U.S. 23 north. As he got out of his cruiser, Sergeant Dore heard someone yelling that the Acura's driver was running down the exit ramp. Although the sergeant yelled at the man to stop, the man kept running. When the man, who the sergeant identified as appellant, finally stopped, Sergeant Dore ran and got ahold of him. According to the sergeant, appellant was so intoxicated that he could barely speak, had "a tremendous odor of alcoholic beverage coming from his person" and needed to be held up since he was wobbling. Transcript at 20. The following is an excerpt from Sergeant Dore's testimony:
 {¶ 8} "Q. From the point where you initially heard any report of a crash to the point where you actually made contact with the person who had initially run from you [appellant], about how much time passed?
 {¶ 9} "A. Probably about five minutes.
 {¶ 10} "Q. And could you say it was certainly less than any particular amount of time? Do you know for sure it was less than 10 or less than 15?
 {¶ 11} "A. Oh, absolutely less than 10." Transcript at 17.
 {¶ 12} After catching appellant, Sergeant Dore contacted the City of Delaware since he had a dog in the back of his cruiser and could not place appellant in the same. A city unit arrived approximately ten to fifteen minutes after the sergeant had caught appellant.
 {¶ 13} When asked, Sergeant Dore testified that he believed that the accident had just happened right before he arrived on the scene since there was air bag dust in the air and since the Acura's lights were still on. On cross-examination, the sergeant testified that he had not witnessed the crash and had no knowledge as to when the crash took place "[o]ther than whoever called it into the City saying it just happened." Transcript at 26.
 {¶ 14} At the suppression hearing, Justin Herning, a detective with the City of Delaware, testified that he heard the initial call that there was a crash at 10:17 p.m. and that he arrived on the scene and was with appellant and Sergeant Dore before 10:22 p.m. According to Detective Herning, appellant appeared to be intoxicated and was having difficulty "walking without stumbling and losing balance.' Transcript at 38. The detective further testified that appellant was staring into space and smelled strongly of alcohol. In addition, a piece of the Acura's airbag was hanging off of appellant's face and appellant's eyes were "very red and glassy.' Transcript at 42. After appellant failed the horizontal gaze nystagmus (HGN) and walk and turn tests, Detective Herning arrested appellant for driving under the influence of alcohol. According to Detective Herning, the BAC test was conducted at 11:24 p.m.
 {¶ 15} On cross-examination, Detective Herning testified that he did not see the accident and could not definitively say that the BAC test was offered to appellant within two hours of the crash. The detective also testified on cross-examination that he told appellant that if he refused the BAC test, his license was going to be automatically suspended for one year and that if he took the test and tested above the legal limit, his license would be suspended for ninety (90) days. On cross-examination, Detective Herning further admitted that he would have satisfied his obligation under the Revised Code if he would have read BMV Form 2255[1]
to appellant and told appellant that he could not interpret the form for him.
 {¶ 16} As memorialized in a Judgment Entry filed on June 24, 2004, the trial court denied appellant's Motion to Suppress. The trial court, in its entry, stated, in relevant part, as follows:
 {¶ 17} "The civilian witness said he heard reports of a crash on the radio and called dispatchers. The Deputy Sheriff and Police Officers heard the dispatch and the officer gave the time as 2217 [10:17] p.m.
 {¶ 18} "There was no direct evidence that anyone saw the crash and the exact minute of the crash was not given in testimony. There was no evidence, however, contrary to circumstantial conclusion that the crash had occurred just minutes before 2217 [10:17]. The civilian said he called in the reported crash within a couple of minutes.
 {¶ 19} "Clearly the driving was before 10:17 p.m. but there is no evidence that it was more than a few minutes before 10:17.
 {¶ 20} "The test was completed at 11:25 p.m. (Exhibit A). For the test to be beyond the two hours, the crash would have had to occur at 9:25 p.m.
 {¶ 21} "The court finds that the evidence shows the test is within two hours of the crash."
 {¶ 22} The trial court further found that the officer had read what was on BMV Form 2255 "correctly and appropriately" and did not coerce appellant into taking the BAC test.
 {¶ 23} After his Motion to Suppress was denied, appellant pled no contest to all three charges and was found guilty of all three. Pursuant to R.C. 4511.19(C), the trial court sentenced appellant only on R.C.4511.19(A)(1), rather than both (A)(1) and (4),[2] and for failure to control. Appellant was sentenced to three days in jail and fined a total of $450.00. In addition, appellant's driver's license was suspended for a period of 180 days and appellant was placed on community control for a period of six months.
 {¶ 24} Appellant now raises the following assignments of error on appeal:
 {¶ 25} "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS THE BAC RESULTS FOR A VIOLATION OF 4511.19(D)(1).
 {¶ 26} "THE TRIAL COURT ERRED IN FAILING TO SUPPRESS THE BAC TEST ON THE BASIS THAT THE ARRESTING OFFICER EXCEEDED HIS AUTHORITY AND OBLIGATIONS PURSUANT TO 4511.192(A).
 {¶ 27} "THE TRIAL COURT `S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I, II, III {¶ 28} Appellant, in his three assignments of error, argues that the trial court erred in denying his Motion to Suppress appellant's BAC test results. In his first assignment of error, appellant argues that such results should have been suppressed since there was only hearsay testimony to establish the time of the accident and, therefore, appellee could not establish that the test was taken within two hours of the same. Appellant, in his second assignment of error, contends that the BAC test results should have been suppressed since the officer exceeded his authority and obligations pursuant to R.C. 4511.192(A) in administering the test and should only have read BMV Form 2255 to appellant, not interpreted the same. Finally, in his third assignment of error, appellant maintains that, with respect to the BAC test, the trial court's finding that the accident took place just minutes before 10:17 p.m. and that, therefore, the BAC test was administered within two hours of the accident was against the manifest weight of the accident.
 {¶ 29} In the case sub judice, although the trial court found appellant guilty of violating both R.C. 4511.19(A)(1) and R.C.4511.19(A)(4), it convicted and sentenced appellant only on (A)(1). Assuming, arguendo, that the trial court erred in denying appellant's Motion to Suppress, we find that appellant has failed to establish that he was prejudiced by such error since the BAC test results are not necessary to establish a violation of R.C. 4511.19(A)(1). Appellant has not raised a weight of the evidence assignment relative to the evidence supporting his conviction for violating R.C. 4511.19(A)(1). Accordingly, even if the trial court erred in denying appellant's Motion to Suppress, such error would be harmless. See State v. Stack (Dec. 17, 1999), Licking App. No. 99CA00085, 2000 WL 1497.[3]
 {¶ 30} Appellant's three assignments of error are, therefore, overruled.
 {¶ 31} Accordingly, the judgment of the Delaware Municipal Court is affirmed.
Edwards, J., Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware Municipal Court is affirmed. Costs assessed to appellant.
[1] Such form is captioned "Report of Law Enforcement Officer Administrative License Suspension/Notice of Possible CDL Disqualification/Immobilization Forfeiture."
[2] The trial court found that the R.C. 4511.19(A)(4) charge was an allied offense of similar import.
[3] In Stack, the appellant was arrested and cited for violations of R.C. 4511.19(A)(1) and 4511.19(A)(4). After his Motion to Suppress urine alcohol test results was overruled, the appellant pled no contest to both charges, among others, and was found guilty by the trial court of both. However, the appellant was sentenced only for violating R.C. 4511.19(A)(1). On appeal, the appellant argued that the trial court erred in denying his Motion to Suppress his urine test results. This Court affirmed the appellant's conviction, holding that any error in denying the Motion to Suppress was harmless since "[t]he urine test results are not necessary to establish a violation of (A)(1)." Id at 2.