OPINION *Page 2 
{¶ 1} Defendant-Appellant Robert M. Arenz appeals the decision of the Licking County Municipal Court denying his Motion to Suppress.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 26, 2006, Appellant was cited with two counts of operating a vehicle under the influence of alcohol pursuant to R.C.4511.19(A)(1)(a) (operating under the influence) and R.C.4511.19(A)(1)(f) (operating a vehicle with a concentration of seventeen-hundredths of one per cent or more by weight per unit volume of alcohol in the person's whole blood in violation), in addition to traffic violations for failure to control in violation of Heath City Ord. 331.34 and failure to wear a safety belt in violation of R.C.4513.263.
 {¶ 3} On June 26, 2006, Appellant filed a Motion to Suppress. Appellant moved the trial court to suppress the results of a blood test taken from him in relation to the charges. The trial court held a hearing on the motion on July 28, 2006. The following testimony was adduced at the hearing.
 {¶ 4} Deputy Morton, of the Licking County Sheriff's Office, testified that he was on patrol in the City of Heath, Licking County on April 23, 2006 at approximately 1:41 a.m. He was driving in the area of Irvingwick Dr. and State Rt. 79, when he noticed a vehicle in the ditch off the west side of Irvingwick Dr. (Tr. 5-6). Deputy Morton stopped to check on the vehicle and saw that the driver of the vehicle was unconscious in the driver's seat, the car was still running and in the "drive" position. (Tr. 6). Deputy Morton notified the Heath Police Department to send assistance. Id. Deputy Morton turned the vehicle off and attempted to wake the driver of the vehicle, identified as *Page 3 
Appellant, but was unable to rouse him. (Tr. 7). The officer smelled a very strong odor of an alcoholic beverage coming from the vehicle. Id.
 {¶ 5} Officer Emde, of the Heath Police Department, testified that he was dispatched around 1:41 a.m. to assist Deputy Morton at the scene. (Tr. 11). Officer Emde testified that he was on patrol earlier in the evening and had passed the intersection of Irvingwick Dr. and State Rt. 79 at approximately 1:33 a.m. (Tr. 10). At that time, Officer Emde testified he did not see a vehicle in the ditch at the intersection (Tr. 11). When Officer Emde arrived on the scene, he called the emergency squad to assist with Appellant who was still unconscious. Id.
 {¶ 6} When Officer Emde approached Appellant, he noticed a half-empty gallon bottle labeled as "vodka" sitting beside Appellant in the vehicle. (Tr. 12). The officer also noticed a strong odor of alcohol coming from the vehicle. (Tr. 11).
 {¶ 7} Emergency personnel came to scene, and according to Officer Emde, could not revive Appellant from his unconscious state. (Tr. 14). As a result, the emergency squad transported Appellant to Licking Memorial Hospital. Id. Once at the hospital, Appellant remained unconscious and based on his inability to understand a BMV 2255 form, Officer Emde requested a blood draw. (Tr. 15).
 {¶ 8} Officer Emde testified that he gave the nurse a blood draw kit from the Heath Police Department. (Tr. 16). The nurse testified the blood draw kit contained a vacuum-sealed vial and a non-alcohol rubbing solution. (Tr. 31-32). The nurse observed the vacuum-sealed vile contained a small powder form at the bottom that she assumed was the anti-coagulant. (Tr. 33).
 {¶ 9} The nurse drew the blood from Appellant at 2:55 a.m. (Tr. 19). A label was placed on the vial containing the date, time, technician, officer and name of *Page 4 
Appellant. (Tr. 33, 37). Officer Emde took the blood sample to the Heath Police Department. (Tr. 17). He placed the blood sample in the padlocked refrigerator in the Property Room. Id. After he placed the blood sample in the evidence room, Officer Emde left the Property Room officer a voicemail and sent him an email that the sample was in the refrigerator. Id.
 {¶ 10} The Property Room officer testified that on April 23, 2006, he had received a note on his door that Officer Emde had placed a blood sample in the refrigerator. (Tr. 39). The officer stated that he logged out the blood sample in the Property Room computer and took the sample to the Ohio State Highway Patrol Lab on April 25, 2006. (Tr. 40, 41).
 {¶ 11} A criminologist for the Ohio State Highway Patrol Lab testified that he signed the blood sample out for analysis on April 27, 2006. (Tr. 45-46). The analysis of the Appellant's blood sample determined that the blood contained alcohol, 0.374 by weight per milliliters of whole blood. (Tr. 48).
 {¶ 12} As memorialized in a Judgment Entry filed on August 10, 2006, the trial court denied Appellant's Motion to Suppress. After the Motion to Suppress was denied, Appellant pled no contest to the charges of OVI, Failure to Control and the Seat Belt Violation. (Change of Plea From Not Guilty to No Contest With An Attorney, filed August 25, 2006). After accepting the pleas, the trial court found Appellant guilty of all the charges. The trial court sentenced Appellant on R.C. 4511.19(A)(1)(a). (Judgment *Page 5 
Entry of Conviction, filed August 25, 2006).[1] Additionally, the trial court sentenced Appellant on the failure to control and seat belt violations. (Tr. 6).
 {¶ 13} Appellant raises one Assignment of Error:
 {¶ 14} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE."
 {¶ 15} Appellant argues the trial court erred in denying his motion to suppress the results of the Appellant's blood test. He argues the results should have been suppressed due to procedural violations of the Ohio Administrative Code in regards to the anti-coagulant and chain of custody. Appellant further argues there was a violation of the two-hour requirement pursuant to R.C. 4511.19(D) and 4511.192. We disagree the trial court erred.
 {¶ 16} In the case sub judice, Appellant pled no contest to the charges of OVI, Failure to Control and the Seat Belt Violation. The trial court found appellant guilty of R.C. 4511.19(A)(1)(a) and sentenced Appellant on R.C. 4511.19(A)(1)(a).[2] As stated above, the trial court also marked on the Judgment Entry of Conviction that it found Appellant guilty and sentenced Appellant for a violation of R.C.4511.19(A)(1)(h). Appellant was never charged with a violation of R.C.4511.19(A)(1)(h).
 {¶ 17} The trial court discussed the results of the Appellant's blood test during Appellant's Change of Plea Hearing. The question before this Court is whether the trial court's consideration of the Appellant's blood test results contributed to the trial court's *Page 6 
guilty finding and was therefore prejudicial error. Appellant argues under State v. Thompson, that prejudicial error exists if there is a reasonable possibility that improperly admitted testimony contributes to a defendant's conviction. State v. Thompson (1981), 66 Ohio St.2d 496,499. We find under the facts of this case that even if the trial court erred in denying the Motion to Suppress, it was not prejudicial error for the trial court to note the results of the blood test on the record but only harmless error.
 {¶ 18} Appellant pled no contest to OVI. The trial court found Appellant guilty of R.C. 4511.19(A)(1)(a) and sentenced Appellant under that charge. The results of the blood test are not necessary to establish a violation of R.C. 4511.19(A)(1)(a). State v. Kee, 5th Dist. No. 04 CAC 09 064, 2005-Ohio-4707, at ¶ 29;State v. Stack (Dec. 17, 1999), 5th Dist. No. 99CA00085. Appellant has not raised a manifest weight of the evidence assignment relative to the evidence supporting his conviction for a violation of R.C. 4511.19(A)(1)(a). State v. Kee at ¶ 29. Accordingly, even if the trial court erred in denying Appellant's Motion to Suppress, such error would be harmless. *Page 7 
 {¶ 19} Appellant's sole Assignment of Error is overruled.
 {¶ 20} Accordingly, the judgment of the Licking County Municipal Court is affirmed.
Delaney, J., Wise, J. concurs
Hoffman, P.J. dissents.
[1] The trial court also marked on the Judgment Entry of Conviction that it found Appellant guilty and sentenced Appellant for a violation of R.C. 4511.19(A)(1)(h) (operating with a prohibited level of alcohol in his breath. This was an error as Appellant was never charged with a violation of R.C. 4511.19(A)(1)(h).
[2] The trial court also found Appellant guilty and sentenced Appellant for the traffic violations.