[Cite as *State v. Ruby*, 2012-Ohio-6077.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | W. Scott Gwin, P.J. |
|  | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 2012 CA 00006 |
|  | : |  |
|  | : |  |
| TARREN RUBY | : | O P I N I O N |
|  |  |  |
| Defendant-Appellant |  |  |




CHARACTER OF PROCEEDING:         Criminal Appeal from the Perry
                                 County Court Case No. TRC 11
                                 00858

JUDGMENT:                        Affirmed

DATE OF JUDGMENT ENTRY:          December 17, 2012

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

NANCY NASH RIDENOUR                     J. MATTHEW DAWSON
Assistant Prosecuting Attorney          35 S. Park Place, Suite 10
P.O. Box 569                            Newark, Ohio  43055
New Lexington, Ohio  43764

*Edwards, J.*

{¶1} Appellant, Tarren Ruby, appeals a judgment of the Perry County Court convicting him of Driving Under the Influence (R.C. 4511.19(A)(1)(a)) upon a plea of no contest. Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2} On June 30, 2011, Trooper Daniel Moran was dispatched to the scene of a traffic accident at 1:08 a.m. Appellant, the driver of the vehicle involved in the crash, had already been transported to Licking Memorial Hospital. Trooper Moran went to the hospital to question appellant. He noted a moderate odor of alcohol about appellant's person, and his eyes were red and glassy. Appellant admitted to consuming one beer at 8:30 p.m. and one at 12:30 a.m. At 2:32 a.m. the trooper read appellant a BMV2255 form, and a nurse drew a blood sample at 2:44 a.m. The test showed 0.100 grams of weight of alcohol per one hundred milliliters of whole blood. Appellant was charged with operating a motor vehicle while intoxicated in violation of R.C. 4511.19(A)(1)(a) and driving with a prohibited blood alcohol content in violation of R.C. 4511.19(A)(1)(b). He was also charged with failure to control (R.C. 4511.202) and driving while wearing earphones (R.C. 4511.84).

{¶3} Appellant filed a motion to suppress the blood test results on the basis that the trooper did not read appellant the BMV2255 form within a two hour limit and did not request a blood sample within a three hour limit in violation of R.C. 4511.19(D)(1). The court overruled the motion to suppress.

{¶4} Appellant then entered a plea of no contest to operating a motor vehicle while intoxicated in violation of R.C. 4511.19(A)(1)(a). At the plea hearing, the results of

the blood alcohol test were not discussed in the recitation of the facts or the court's finding of guilt. All other charges were dismissed. Appellant was fined $550.00 and sentenced to sixty days incarceration with fifty-seven days suspended. He was ordered to serve three days in a driving intervention program in lieu of incarceration, placed on probation for one year and his driver's license was suspended for six months. He assigns a single error on appeal:

{¶5} "WHETHER OR NOT THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS THE RESULTS OF A BLOOD ALCOHOL TEST WHERE THE OFFICER EXCEEDED HIS AUTHORITY PURSUANT TO ORC 4511.192(A) AND ORC 4511.19(D)."

{¶6} Appellant pleaded no contest to OVI. The trial court found appellant guilty of R.C. 4511.19(A)(1)(a) and sentenced appellant under that charge. The results of the blood test are not necessary to establish a violation of R.C. 4511.19(A)(1)(a). *State v. Arenz,* 5th Dist. No. 06CA111, 2007-Ohio-4283, ¶18; *State v. Kee,* 5th Dist. No. 04 CAC 09 064, 2005-Ohio-4707, at ¶ 29; *State v. Stack* (Dec. 17, 1999), 5th Dist. No. 99CA00085. Appellant has not raised a manifest weight of the evidence assignment relative to the evidence supporting his conviction for a violation of R.C. 4511.19(A)(1)(a). Further, the trial court does not refer to the blood test results in finding appellant guilty of violating R.C. 4511.19(A)(1)(a).

**{¶7}**  Appellant's assignment of error is overruled.

**{¶8}**  The judgment of the Perry County Court is affirmed.

By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r1018

[Cite as *State v. Ruby*, 2012-Ohio-6077.]

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TARREN RUBY | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012 CA 00006 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Perry County court is affirmed.  Costs assessed to appellant.

_____

_____

_____

JUDGES