**[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 1252.]**

THE STATE OF OHIO, APPELLANT, *v*. FENWICK, APPELLEE.

[Cite as *State v. Fenwick*, 2001-Ohio-51.]

*Certification of conflict dismissed as improvidently certified—Court of appeals' opinion not to be published in Ohio Official Reports.*

(No. 00-966—Submitted February 27, 2001—Decided May 2, 2001.)

CERTIFIED by the Court of Appeals for Erie County, No. E-98-031.

———————

{¶ 1} The certification of conflict is dismissed, *sua sponte*, as having been improvidently certified.

{¶ 2} The court orders that the court of appeals' opinion not be published in the Ohio Official Reports, and that it may not be cited as authority except by the parties *inter se*.

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs separately.

MOYER, C.J., dissents.

———————

**COOK, J., concurring.**

{¶ 3} I agree with the decision to dismiss this cause as improvidently certified. I write separately to explain my decision in light of Chief Justice Moyer's dissenting opinion.

{¶ 4} The Chief Justice believes that even if the court of appeals may have failed to clearly set forth the rule of law upon which the alleged conflict exists, this court should overlook any deficiency in the certification order so that we may now resolve what appears to be an actual conflict among the districts on a purely legal issue. If I shared the Chief Justice's view that the only procedural deficiency in

this case was an ambiguity in the appellate court's certification order, I might also be inclined to exercise the discretionary authority contemplated by S.Ct.Prac.R. IV(2)(A). But the procedural deficiency here runs deeper than the certification order. Rather, the court of appeals misinterpreted what the trial court actually did in this case and thus was without a legal basis to reach the conclusion upon which it certified a conflict.

{¶ 5} As the Chief Justice notes, the Erie County Court of Appeals determined that "[t]he court's failure to vacate appellant's [Fenwick's] convictions for gross sexual imposition and attempted sexual battery *left him convicted of six felonies when he committed only four criminal acts*." (Emphasis added.) Based on this determination, the court of appeals applied the plain-error analysis that ultimately became the subject of its certification order. But this determination—that the trial court violated R.C. 2941.25 by convicting Fenwick of *six* felonies instead of four—is unsupported by the appellate court's own recitation of the procedural history of this case.

{¶ 6} As the appellate court described, after the jury found Fenwick guilty of all six charged offenses, "[t]he court then proceeded to sentence appellant. Finding that appellant's convictions for rape (Count 1) and gross sexual imposition (Count 3) were allied, the court determined that *for purposes of sentencing those convictions must merge. The court then sentenced appellant to nine years' incarceration on the rape conviction.* Finding further that appellant's convictions for sexual battery (Count 2) and attempted sexual battery (Count 5) were also allied, *the court merged those convictions and sentenced appellant to four years' incarceration on the sexual battery conviction*." (Emphasis added.)

{¶ 7} As the court of appeals itself noted, the trial court only *imposed sentence* "on the rape conviction" that remained after the explicit merger of Counts 1 and 3, and only *imposed sentence* "on the sexual battery conviction" that remained after the explicit merger of Counts 2 and 5. For purposes of R.C. 2941.25,

this court has already determined that a "conviction" consists of both *"verdict and sentence."* (Emphasis added.) *State v. McGuire* (1997), 80 Ohio St.3d 390, 399, 686 N.E.2d 1112, 1120. Thus, for Counts 1, 2, 3, and 5, the trial court only "convicted" Fenwick of *two* offenses for purposes of R.C. 2941.25, not four. When added to his convictions on Counts 4 and 6, which were *not* allied offenses of similar import, that left Fenwick properly "convicted" of a total of *four* offenses for purposes of R.C. 2941.25, not six. Accordingly, the court of appeals was incorrect when it decided that the trial erred by convicting Fenwick "of six felonies when he committed only four criminal acts." By its own recitation of facts, the court of appeals had no factual basis upon which to find error, let alone plain error.

{¶ 8} If and when this court resolves what appears to be a conflict among the districts as to whether a trial court commits plain error in entering "convictions" on allied offenses of similar import, we should do so in a case in which the trial court *actually erred* in its application of R.C. 2941.25. If a trial court does not err in its application of R.C. 2941.25, there would be no reason for this court to reach the following crucial issues necessary to resolve a conflict regarding the application of the plain-error doctrine: (1) whether such an error was "plain"; (2) whether such an error was outcome-determinative; and (3) whether such an error should be noticed under those exceptional circumstances necessary to prevent a manifest miscarriage of justice. See *United States v. Olano* (1993), 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508; *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph two of the syllabus.

{¶ 9} For the foregoing reasons, I join the majority's decision to dismiss this cause as having been improvidently certified.

—————————————

**MOYER, C.J., dissenting.**

{¶ 10} The Court of Appeals for Erie County certified the record of this case to us for review and final determination, finding its judgment to be in conflict with judgments pronounced upon the same question by other courts of appeals of the state. Section 3(B)(4), Article IV, Ohio Constitution.[1]  In compliance with *Whitelock v. Gilbane Bldg. Co*. (1993), 66 Ohio St.3d 594, 613 N.E.2d 1032, paragraph two of the syllabus, and S.Ct.Prac.R. IV(2), the court of appeals identified the rule of law upon which the alleged conflict exists as "whether the trial court's failure to set aside [appellee's] convictions and sentences for allied offenses amounted to plain error when those sentences were ordered to be served concurrently with the sentences for the heightened offenses."

{¶ 11} I respectfully dissent from the dismissal of this case as having been improvidently certified.  The cases discussed by the court of appeals in its certification order demonstrate a clear "conflict between appellate judicial districts on a rule of law." *Whitelock*, paragraph one of the syllabus.  We should resolve that conflict now.

{¶ 12} I acknowledge that the issue as framed by the court of appeals might be deemed as failing to clearly set forth the rule of law upon which an alleged conflict exists, as mandated by S.Ct.Prac.R. IV(2).  The court of appeals indeed framed the issue in a case-specific manner, *i.e*., whether plain error occurred under the particular facts of this appellee's criminal prosecution.

{¶ 13} It is apparent, however, that a conflict exists among the districts on a purely legal issue.  That issue of general applicability might alternatively be stated as follows:  "Where a jury finds a defendant guilty of multiple criminal offenses, some of which are subsequently merged as being allied offenses of similar import, does a

---

1.  Section 3(B)(4), Article IV of the Ohio Constitution provides:

"Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination."

trial court commit plain error in entering convictions on all the criminal offenses, where the sentences for the merged offenses are ordered to be served concurrently?"

{¶ 14} S.Ct.Prac.R. IV(2)(A) provides that where "the rule of law upon which the alleged conflict exists is not clearly set forth in the order certifying a conflict, the Supreme Court *may* dismiss the case or remand it to the court of appeals with an order that the court of appeals clarify the issue presented." (Emphasis added.) Where, as here, this court is easily able to discern a legal issue in conflict from a court of appeals' order of certification, and it is clear that the various courts of appeals are split as to the proper rule of law, we should exercise the discretionary authority contemplated by S.Ct.Prac.R. IV(2)(A) in favor of resolving the conflict. Judicial economy and consistency in the law would be served by such a course.

{¶ 15} In the case at bar the appellee took the fifteen-year-old daughter of his girlfriend in a car, held a knife to her neck, and unsuccessfully attempted penile rape. He did, however, penetrate her digitally. The jury returned guilty verdicts on all six offenses charged as a result of these events: rape, sexual battery, gross sexual imposition, attempted rape, attempted sexual battery, and intimidation.

{¶ 16} The trial court held, "for purposes of sentencing, that Count Nos. 1 [rape] and 3 [gross sexual imposition] shall merge and Count Nos. 2 [sexual battery] and 5 [attempted sexual battery] shall merge." It sentenced appellee, "having been found guilty as to *Count Nos. 1 and 3*, for the offenses of RAPE * * * and GROSS SEXUAL IMPOSITION * * * for the term of nine (9) years; defendant having been found guilty as to *Count Nos. 2 and 5*, for the offenses of SEXUAL BATTERY * * * and ATTEMPTED SEXUAL BATTERY * * * for the term of four (4) years." The court ordered those sentences to be served consecutively to each other and to additional sentences imposed for the remaining crimes of attempted rape and intimidation.

{¶ 17} The court of appeals reversed, deeming it plain error to convict appellee of six crimes when only four criminal acts had occurred. Accordingly, it ordered that the convictions for gross sexual imposition and attempted sexual battery

be set aside, pursuant to R.C. 2941.25,[2] while retaining the convictions of rape and sexual battery.  The court of appeals held that the trial court's entry of conviction on all the merged offenses constituted plain error, even though the corresponding sentences were consolidated.

{¶ 18} In its order certifying the conflict in the case at bar, the Court of Appeals for the Sixth District determined that its judgment conflicts with judgments issued by the Fifth, Eighth, and Eleventh Districts in *Millersburg v. Miller* (Dec. 5, 1990), Holmes App. No. CA-427, unreported, 1990 WL 200366; *State v. Styles* (Oct. 9, 1997), Cuyahoga App. No. 71052, unreported, 1997 WL 626058; and *State v. New* (Jan. 24, 1992), Lake App. No. 90-L-15-112, unreported, 1992 WL 25278. Moreover, in certifying the case to us, the Sixth District cited *State v. Martin* (Feb. 9, 1999), Summit App. No. 18715, unreported, 1999 WL 66211, in which the Ninth District, in a split decision, failed to notice plain error where a defendant had been sentenced to concurrent sentences for allied offenses of similar import.  The Sixth District pointed out that Judge Donna Carr, dissenting in *Martin*, had discerned three schools of thought in Ohio appellate case law as to the application of the doctrine of plain error in similar circumstances.  In her dissent, Judge Carr identified the disparity of approaches as follows:

"The issue of whether it is plain error for a trial court to impose concurrent sentences for the same offense has not been clearly resolved by Ohio appellate courts. Two districts have held that there is no plain error in these circumstances.  See *State v. Styles* (Oct. 9, 1997), Cuyahoga App. No. 71052, unreported [1997 WL 626058]

2.  R.C. 2941.25 provides:
"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

(Eighth Appellate District); *State v. New* (Jan. 24, 1992), Lake App. No. 90-L-15-112, unreported [1992 WL 25278] (Eleventh Appellate District). Additionally, the Fifth District has said that no prejudice arises from these circumstances. *State v. Miller* (Dec. 5, 1990), Holmes App. No. CA-427, unreported [1990 WL 200366] (applying the concept of harmless error). However, three appellate districts have concluded that this does constitute plain error. See *State v. Fields* (1994), 97 Ohio App.3d 337, 347, 646 N.E.2d 866 [873] (First Appellate District); *State v. Fischer* (1977), 52 Ohio App.2d 53, 55 [6 O.O.3d 40, 41], 368 N.E.2d 332 [334] (Twelfth Appellate District); *State v. Jones* (Oct. 22, 1998), Franklin App. No. 98AP-129, unreported [1998 WL 849371] (Tenth Appellate District).

"This Court in particular has addressed the issue inconsistently. Although this Court has recently held that there is no plain error under these circumstances, *State v. Blondheim* (May 27, 1998), Summit App. No. 18594, unreported [1998 WL 281917], that case failed to address a prior holding to the contrary in *State v. Austin* (Feb. 16, 1984), Summit App. No. 11298, unreported [1984 WL 4764].

"The Second District Court of Appeals has also been inconsistent in its approach to this issue. In *State v. Burch* (Sept. 29, 1995), Montgomery App. No. 14488, unreported [1995 WL 570567], the Second District found that there was no plain error under these circumstances. Nevertheless, in *State v. Puckett* (Mar. 27, 1998), Greene App. No. 97 CA 43, unreported, the Second District vacated a sentence that was set to run concurrently with another sentence of equal length, noting that a conviction based on an allied offense of similar import was plain error.

"This issue is also not clearly settled in the Eleventh District. *New* was authored by Judge Baird of this Court, who was sitting by assignment. Judge Baird authored *Blondheim* for this Court and dissented in the *Austin* decision. Judge Mahoney, also of this Court and also sitting by assignment, concurred in judgment only in *New*. The only judge from the Eleventh District who actually participated in the *New* decision, Presiding Judge Nader, dissented from the opinion. In his dissent,

Judge Nader did not directly address this issue; however, he did proceed to address the prosecution's substantive arguments concerning the propriety of the defendant's sentence. It has yet to be determined whether the Eleventh District will actually apply *New* under these circumstances."

{¶ 19} In *Whitelock,* I issued the following caution:

"Generally, the judges of the courts of appeals are as able as are the justices of this court to identify legal issues that require resolution by the Supreme Court in view of disparate opinions among the courts of appeals. The case before us is an extreme example of noncompliance with S.Ct.Prac.R. III(6).

"Recognizing that it is possible to distinguish virtually any case and opinion from any other case and opinion, our opinion here should not be construed to so delimit our acceptance of certified cases as to cause courts of appeals to err in favor of noncertification of conflicts between the districts." *Id*., 66 Ohio St.3d at 599-600, 613 N.E.2d at 1036 (Moyer, C.J., concurring).

{¶ 20} In my view, the procedural deficiencies present in the case at bar do not represent an "extreme example" of an appellate court's noncompliance with S.Ct.Prac.R. IV(2)(A) (formerly S.Ct.Prac.R. III[6]), as was the case in *Whitelock.*

{¶ 21} Moreover, in dismissing this case as improvidently certified, we are effectively reversing the finding of the court of appeals that its judgment is in conflict with judgments pronounced upon the same question by other courts of appeals of the state, even though the Constitution appears to entrust that determination, at least initially, to the appeals courts. Section 3(B)(4), Article IV, Ohio Constitution. While *Whitelock* establishes our authority to take such a course, I continue to believe we should exercise that authority sparingly.

{¶ 22} Judge Carr's dissent in *State v. Martin, supra*, clearly illustrates that there is indeed an actual conflict between appellate judicial districts and among appellate judges. I believe that this court would be acting most consistently with the purpose underlying the conflict certification procedure established by the Ohio

Constitution, and would best serve the bench and bar, by promptly resolving this issue, thereby fostering uniform application of the law throughout the state. See *State ex rel. Sylvania Home Tel. Co. v. Richards* (1916), 94 Ohio St. 287, 292-293, 114 N.E. 263, 264-265 ("the constitutional convention felt that it would be wholly unwise to create such a judicial structure as would permit one Court of Appeals to disregard and refuse to follow the judgment pronounced by another Court of Appeals upon the same question, without some method of composing the conflict thus created"; a method of resolving conflicts "will result in an authoritative pronouncement upon legal questions and the bringing about of the uniformity in judicial holdings which is desirable").

**{¶ 23}** I therefore respectfully dissent.

———————————

*Kevin J. Baxter,* Erie County Prosecuting Attorney, and *Mary Ann Barylski,* Assistant Prosecuting Attorney, for appellant.

———————————