OPINION
Defendant-appellant William Skeens appeals the decision of the Noble County Common Pleas Court finding him guilty of two counts of reckless homicide. This court is asked to determine three separate questions. First, whether Skeens' conviction is against the manifest weight of the evidence. Second, whether the trial court's failure to give an instruction on accident constituted plain error. Third, whether Skeens was denied effective assistance of counsel. For the reasons stated below, the judgment of the trial court is hereby affirmed.
 STATEMENT OF FACTS
In the early morning hours of April 14, 2000, a fire ignited at the Crestwood Village Apartment complex in Noble County, Ohio, killing two people, Katie Williams (Williams) and Charlotte Larrick (Larrick). On the day of the fire, Skeens was living in an apartment in the Crestwood Village Apartment complex with his girlfriend Williams. The Fire Marshall determined that the fire originated in Skeens' apartment.
On the night before the fire, Skeens drank five beers and was smoking cigarettes. He fell asleep with a cigarette lit. When he woke up the pillow he had clutched in his hands was on fire. He extinguished the fire and placed the smoking pillow in the hall. He reentered the apartment, and went to the bathroom. Upon leaving the bathroom, he noticed his living room was on fire. Skeens went into the bedroom and told Williams they had to get out of the apartment because it was on fire. He then removed boxes from his apartment and put them in the hall. Skeens also banged on his neighbors' door and informed them the apartment was on fire. Williams never moved from the bedroom and was killed in the fire.
Larrick lived in an apartment on the second floor of the apartment complex. Her husband heard all the commotion downstairs and discovered that the apartment complex was on fire. The only means of escape was off the balcony. However, Larrick never reached the balcony and was killed in the fire.
After an investigation, the Fire Marshall concluded that the fire began on the couch. One of the ashes from the cigarette dropped onto the couch and smouldered until it caught fire.
Skeens was charged with reckless homicide, a violation of R.C. 2903.041. He was tried before a jury. Relevant to the errors assigned in this appeal, Skeens did not request that an accident instruction be given to the jury. Moreover, he failed to object to the instruction that was given to the jury. The jury found Skeens guilty of two counts of reckless homicide. Skeens was sentenced to four years for Count One and three years for Count Two. The court ordered the sentences to be served consecutively. This appeal followed.
 ASSIGNMENT OF ERROR NO. ONE
Skeens raises three assignments of error. The first of which contends:
 "THE TRIAL COURT ERRED WHEN IT ACCEPTED THE JURY'S VERDICT AS IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
An appellate court's determination of whether a conviction is against the manifest weight of the evidence depends upon whether the state has appropriately carried its burden of persuasion. State v. Thompkins
(1997), 78 Ohio St.3d 380, 390. A reviewing court is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial. Id. To determine whether a verdict is against the manifest weight of the evidence, the court will view the entire record and weigh the evidence and all reasonable inferences, and consider the credibility of the witnesses. Tibbs v. Florida (1982), 457 U.S. 31, 41-43. To reverse a judgment of a trial court on the weight of the evidence when the judgment results from a trial by jury, requires a unanimous concurrence of all three judges on the Court of Appeals panel. Thompkins,78 Ohio St.3d at 380, syllabus. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id., citing State v. Martin (1983),20 Ohio App.3d 172.
Skeens was charged with and convicted of R.C. 2903.041, reckless homicide. R.C. 2903.041(A) states that no person shall recklessly cause the death of another. "Reckless" is defined as acting with heedless indifference to the consequences. R.C. 2901.22(C).
This case hinges on whether the evidence weighs heavily against the jury's finding that Skeens acted recklessly on the morning of the fire. Skeens insists that the evidence presented weighs heavily against a finding that his actions were reckless. He argues that moving the boxes to create a path for Williams to get out of the apartment shows his actions were not reckless. Williams was 400 pounds and walked with the assistance of a walker. Due to her size and use of the walker, her mobility was hindered. Skeens also states that he informed the firemen that Larrick was trapped in her apartment immediately after her husband informed Skeens that she was still in the apartment. Also, Skeens states that he told his neighbors that the apartment was on fire and to get out. Skeens insists that all of these actions display that he did everything possible to ensure that no one was hurt, and therefore, that his actions were not reckless.
The state counters Skeens' argument by claiming that the evidence does not weigh heavily against the conviction. We agree with the state. Regardless of whether the fire was started recklessly or not, Skeens' actions after the fire was started could be determined to be reckless. The record is devoid of any suggestion that Skeens tried to put the fire out after noticing the apartment was on fire. Testimony indicates that once Skeens knew of the fire he went in and out of his apartment at least three times. He spoke with Williams only once during that time. Skeens did bang on one neighbors' door to make sure they got out of the apartment. However, he did not ensure that Williams got out of the apartment. The record reflected that her walker was found adjacent to the bed, but from a seated position on the bed, she would not have been able to reach the walker. Although reasonable inferences drawn from the evidence could suggest that the fire was an accident, the aforementioned factors create a sufficient basis to support a conviction. Therefore, it cannot be said that the evidence weighs heavily against the conviction.State v. Goff (1998), 82 Ohio St.3d at 139; State v. Gore (1999),131 Ohio App.3d 197, 201. The first assignment of error lacks merit.
 ASSIGNMENT OF ERROR NO. TWO
Skeens' second assignment of error contends:
 "THE TRIAL COURT COMMITTED PLAIN ERROR IN FAILING TO INSTRUCT THE JURY ON THE DEFENSE OF ACCIDENT."
Skeens is claiming that the fire in question and two fatalities therein were the result of an unfortunate accident. Skeens states that trial counsel argued that it was an accident. However, trial counsel never requested an instruction on accident and did not object to the failure of the trial court to instruct on accident. Skeens maintains that the absence of the accident instruction resulted in plain error. The state insists that the absence of the accident instruction does not rise to the level of plain error.
Failure to object to the jury instruction at trial waives all but plain error. State v. Jackson (2001), 92 Ohio St.3d 436, 444, citing State v.Underwood (1983), 3 Ohio St.3d 12, syllabus, Crim.R. 52(B). "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." State v. Wogenstahl
(1996), 75 Ohio St.3d 344, 357. To constitute plain error the court must look to: 1) whether such error was "plain"; 2) whether such error was outcome-determinative; and 3) whether such error should be noticed under those exceptional circumstances necessary to prevent a manifest miscarriage of justice. State v. Fenwick (2001), 91 Ohio St.3d 1252,1254. Notice of plain error is to be taken with the utmost caution under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, syllabus.
A jury charge that fails to include an accident instruction must rise to the level of plain error in order for Skeens to prevail. Accident is an unintentional act that denies a culpable mental state. State v. Fears
(1999), 86 Ohio St.3d 329, 340; State v. Barnd (1993), 85 Ohio App.3d 254,260. It is not an affirmative defense. State v. Poole (1973),33 Ohio St.2d 18, 20, citing Jones v. State (1894), 51 Ohio St. 331. Accident will be found only if the defendant's action or the resulting injury were a mere physical happening or event, out of the order of things and not reasonably anticipated or foreseen as a natural or probable result of an unlawful act. State v. Ross (1999),135 Ohio App.3d 262, 276. A party is entitled to an accident instruction when there is evidence presented at trial that the party's action was an accident. State v. Thomas (1988), 40 Ohio St.3d 213.
Both the state and Skeens cite this court's decision in State v. Tiber
(May 17, 1990), Belmont App. No. 88B28, unreported, and the decision of the Eleventh District Court of Appeals in State v. Howell (2000),137 Ohio App.3d 804. In both cases, the defendants were charged with crimes involving the mental culpability of reckless and they requested an accident instruction. In each case, the trial court denied the request and the appellate court reviewed the denial under an abuse of discretion standard. The Eleventh District held that the trial court abused its discretion by failing to instruct on the requested accident instruction, however, we held that it was not an abuse of discretion.
In Tiber, the trial court defined reckless as a perverse disregard or heedless indifference to the consequences. We held that this definition could easily allow jurors to understand that reckless conduct goes beyond what is considered to be an accident. Tiber, Belmont App No. 88B28, unreported. Therefore, if the jury believed the defendant's conduct was an accident rather than reckless, the defendant would not be guilty of the crime charged. Id. The Eleventh District agreed with our observation that "reckless" goes well beyond the concept of an accident. Howell,137 Ohio App.3d 804. However, they reached a different conclusion and decided that it cannot be assumed that the jury clearly understood that appellant's defense of accident would insulate him from liability. Id. The Eleventh District held that the failure by the trial court to give an accident instruction was prejudicial and reversible. Id. Regardless of whether we find the rationale in Howell more favorable than our prior decision in Tiber, neither of those cases are persuasive in determining whether the absence of a jury instruction on accident constitutes plain error.
The state's argument at trial was not that the starting of the fire was reckless, but rather the actions after the fire was started were reckless. The evidence does not rise to the level to warrant an accident instruction. State v. Manos (Apr. 2, 2001), Stark App. No. 2000CA00256, unreported; State v. McKenzie (Jan. 28, 1993), Cuyahoga App. No. 61552, unreported. Though the starting of the fire may have been an accident, the record lacks evidence to support the contention that Skeens' actions after the fire was started were accidental. As explained earlier, Skeens did nothing to extinguish the fire, nor did he ensure that Williams left the apartment.
Even if it could be determined that the evidence produced at trial would warrant an accident instruction, the First District Court of Appeals has held that an otherwise correct jury instruction that fails to instruct on accident does not rise to the level of plain error. State v.Stubblefield (Feb. 13, 1991), Hamilton App. No. C-890597, unreported. InStubblefield, appellant raised the issue of the trial court's failure tosua sponte instruct on accident. Id. The crime charged in Stubblefield
was a crime with the mental culpability of knowingly. Id. The trial court failed to define knowingly. Id. The First District held that though it was error to fail to instruct on accident, if the rest of the trial court's charge was correct, it is doubtful that the failure to instruct on accident rose to the level of plain error. Id. The First District reversed the case because the trial court failed to give an accident instruction or an instruction on the statutory definition of knowingly.Id. In the case at bar, the trial court gave an instruction on the statutory definition of reckless. The jury's instruction on reckless read as follows:
 "Before you can find the defendant guilty, you must find beyond a reasonable doubt: that on or about April 14, 2000; in Noble County, Ohio; the defendant, William D. Skeens; recklessly; caused the death; of Katy (sic) Williams. A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist. Perversely refers to an act done with knowledge or reason to know of facts that would lead a reasonable person to believe that the conduct creates an unnecessary risk of physical harm. It must be such conduct with knowledge of a dangerous situation liable to cause injury to others, as manifests a heedless disregard for or indifference to the rights of others or for the consequences and that such risk is greater than that necessary to make the conduct negligent. Risk means a significant possibility as contrasted with a remote possibility that a certain result may occur." (Tr. 278-79).
Therefore, the instruction complied with the requirements ofStubblefield.
Skeens claims that the jury instruction should have included the definition of knowingly and purposely. Knowingly and purposely conduct encompasses reckless conduct, but a person can act recklessly without acting knowingly or purposely. An instruction on knowingly or purposely is not needed to sustain a conviction under R.C. 2903.041, the reckless homicide statute. The only mental culpability needed is reckless. The jury did not have to determine if Skeens acted purposely or knowingly. As such, an instruction on purposely or knowingly was not needed and would only have confused the jury if it was given.
Accordingly, we hold that the missing accident charge with no other errors in the jury instruction does not rise to the level of plain error. Id. As the jury instruction reads, it is clear that the definition of reckless is something different than accident. Since Skeens argued accident at trial, the jury verdict represents a rejection of Skeens' accident arguments. An accident is not an excuse or justification for the act, therefore the effect of an instruction would have been simply to remind the jury that the defendant presented evidence to negate the element of knowledge. Stubblefield, Hamilton App. No. C-890597, unreported. Therefore, it cannot be stated that the result of the trial would have been clearly different if an accident instruction was given. The second assignment of error lacks merit.
 ASSIGNMENT OF ERROR NO. THREE
Skeens' third assignment of error contends:
 "THE DEFENDANT/APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
Skeens claims that he was denied effective assistance of counsel when trial counsel failed to request an accident instruction. There is a two prong test for ineffective assistance of counsel. Strickland v.Washington (1984), 466 U.S. 668, 686; State v. Thompson (1987),33 Ohio St.3d 1, 10. The first prong is that the defendant must show that counsel's performance was objectively deficient. Strickland,466 U.S. at 687; Thompson, 33 Ohio St.3d at 10. The second prong is that the defendant must show that counsel's error was so serious as to deprive defendant of a fair trial. Strickland, 466 U.S. at 687; Thompson,33 Ohio St.3d at 10.
Failure to request an accident instruction or to object to a jury instruction that did not include an accident instruction does not rise to the level of ineffective assistance of counsel if the trial court's general charge was otherwise correct. Stubblefield, Hamilton App. No. C-890597, unreported, citing State v. Sims (1982), 3 Ohio App.3d 331,335. As stated in the second assignment of error, the jury instruction included a proper definition of reckless. Therefore, the instruction was otherwise correct. An accident instruction simply would have reminded the jury that Skeens presented evidence to negate culpability. State v.Staats (Apr. 13, 1994), Summit App. No. 15706. As such, it is not apparent that inclusion of an accident instruction would have changed the outcome of trial. A reviewing court presumes that counsel's conduct falls within the wide range of reasonable professional assistance. Thompson,33 Ohio St.3d at 10. Therefore, trial counsel's conduct did not rise to the level of ineffective. The third assignment of error lacks merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
Waite, J., concurs.