JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Misha Yomtovian, appeals from an October 12, 2006 judgment of the Lyndhurst Municipal Court finding her guilty of operating a vehicle under the influence of alcohol or drugs, driving upon the left side of the roadway, and operating a motor vehicle without a valid license. For the following reasons, we affirm. *Page 3 
 {¶ 2} On March 25, 2005, Yomtovian was cited for operating a vehicle under the influence of alcohol or drugs ("OVI"), in violation of Village of Gates Mills Ordinance ("GMO") 334.01(A)(1)(A); operating a vehicle with a prohibited breath-alcohol level ("BAC"), in violation of GMO 334.01(A)(1)(D); driving upon the left side of the roadway, in violation of GMO 332.06; and operating a motor vehicle without a valid license, in violation of GMO 336.072(A)(1). Yomtovian entered a plea of not guilty to the charges.
 {¶ 3} On July 27, 2005, Yomtovian moved the trial court to suppress evidence of the stop, seizure, arrest, and/or the breath-alcohol test, claiming that her constitutional rights had been violated. The trial court held a hearing on the motion and on June 27, 2006, the court granted Yomtovian's motion in part and denied it in part. The trial court suppressed evidence of the horizontal gaze nystagmus test and the roadside portable breath test. However, the trial court denied the motion as to all other arguments.
 {¶ 4} On October 12, 2006, Yomtovian entered no contest pleas to OVI, driving upon the left side of the roadway, and operating a motor vehicle without a valid license. After accepting her pleas, the trial court found her guilty of all three charges.
 {¶ 5} For her OVI conviction, the trial court sentenced Yomtovian to ninety days in jail, suspending eighty-seven days of it; fined her $500, plus costs; suspended her driver's license for a period of one hundred eighty days; ordered that *Page 4 
she attend "Make the Right Choice" program; and sentenced her to six months of community control sanctions. For her convictions of driving upon the left side of the roadway and operating a motor vehicle without a valid license, the trial court sentenced Yomtovian to a $100 fine for each, but then suspended them.
 {¶ 6} Yomtovian appeals from the October 12, 2006 judgment and raises a sole assignment of error:
 {¶ 7} "The lower court erred by not granting Defendant-Appellant's Motion to Suppress the breathalyzer test taken at the Gates Mills Police Department in violation of Defendant's statutory right not to submit to the test."
 {¶ 8} Yomtovian contends that she was coerced by police officers into taking the breath-alcohol test at the police department. She maintains that a breath-alcohol test obtained in violation of her statutory right to refuse to submit to the test must be excluded. The Village of Gates Mills ("village") argues that Yomtovian is precluded from advancing her assignment of error because she was not convicted of the BAC charge. We agree.
 {¶ 9} At oral arguments before this court, Yomtovian stated that she entered a no contest plea to the BAC charge and it was merged for purposes of sentencing with the OVI charge. In its brief, the village agreed, stating "appellant chose to plead `no contest' to all charges after the trial court denied her Motion to Suppress in large part." The village also asserts, "the trial court properly nolled the BAC conviction pursuant to [GMO] 334.01(A)(1)(D) as an allied offense of similar import, *Page 5 
and sentenced her only on the remaining three counts (OVI, Left of Center and Expired Operator's License)." (Emphasis sic.)
 {¶ 10} According to the October 12, 2006 entry, the trial court "[n]olled and merged" the BAC charge.[1] However, because a count cannot be nolled (i.e., dismissed), and then merged, we conclude that the trial court erred in doing so. Nevertheless, for the reasons set forth in the following analysis, the error was harmless.
 {¶ 11} The trial court used a standardized Lyndhurst Municipal Court plea, conviction, and sentence form. In a section labeled,"BAC COUNT B," the form states:
 {¶ 12} "Defendant entered a plea of Guilty No Contest Not Guilty
 {¶ 13} "Not Guilty withdrawn
 {¶ 14} "Defendant found Guilty Not Guilty * * *"
 {¶ 15} The trial court did not check any of the blank lines under this section, indicating whether Yomtovian entered a plea to the BAC charge or that it found her guilty of the BAC charge.
 {¶ 16} Immediately following the plea and guilt section, there is an area on the form which allows the trial court to impose a sentence for that particular *Page 6 
count. The trial court also left this section blank, and did not impose a sentence for the BAC charge.[2]
 {¶ 17} A couple of lines after that, the form states:
 {¶ 18} "OTHER ORDERS:
 {¶ 19} "Nolled and merged per Prosecutor Recommendation date [.]"
 {¶ 20} Under this section, the trial court checked that the BAC count was "Nolled and merged per Prosecutor," and filled in the date as October 12, 2006.
 {¶ 21} Nolle prosequi means "[t]o abandon (a suit or prosecution); to have (a case) dismissed by nolle prosequi[.]" Black's Law Dictionary (8 Ed. Rev. 2004) 1074. The Second District explained that, "[t]he obsolete term `nolle' is now a dismissal." State v. Flynt, 156 Ohio App.3d 595,2004-Ohio-1695, _16.
 {¶ 22} Under Crim.R. 48(A), "[t]he state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate." When a criminal case is voluntarily dismissed, it is terminated; i.e., "done, finished, over, kaput." Flynt at _23.
 {¶ 23} Conversely, "merge" in criminal law is defined as, "[t]he absorption of a lesser included offense into a more serious offense when a person is charged with both crimes, so that the person is not subject to double jeopardy." Black's Law Dictionary (8 Ed. Rev. 2004) 1009. The General Assembly enacted R.C. 2941.25, *Page 7 
the multiple-count provision, in an attempt to codify the judicial doctrine of merger. State v. Logan (1979), 60 Ohio St.2d 126, 131.
 {¶ 24} In State v. Blackman, 8th Dist No. 88608, 2007-Ohio-4168, at 24, this court explained:
 {¶ 25} "R.C. 2941.25(A) states that when the same conduct by a defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one. InState v. Kent (1980), 68 Ohio App.2d 151, 154, we held that the term `convicted,' as used in the statute, includes both the finding of guilt and the sentence imposed. Thus, a defendant may be indicted, tried and found guilty of multiple counts involving allied offenses of similar import, as long as he is sentenced under R.C. 2941.25(A) only on one count. State v. Darga (1985), 30 Ohio App.3d 54, 55-56." (Parallel citations omitted.)
 {¶ 26} Thus, the law is well established that a charge cannot be nolled-dismissed — and then merged. Since the trial court did not enter a plea with respect to the BAC charge, or find Yomtovian guilty of the BAC charge, we construe the trial court's entry as nolling the charge, rather than merging it.
 {¶ 27} However, whether the trial court dismissed the BAC charge or merged it, for purposes of Yomtovian's argument, is irrelevant. The trial court only convicted Yomtovian and sentenced her on the OVI charge. Assuming, arguendo, that the trial court erred when it did not suppress the BAC results, Yomtovian has failed to show that she was prejudiced by such alleged error, since the BAC results are not *Page 8 
necessary to establish a violation of OVI. Moreover, Yomtovian did not raise a weight of the evidence argument relative to her OVI conviction. Thus, even if the trial court erred in allowing the BAC results, such error is harmless. See State v. Kee, 5th Dist. No. 04 CAC 09 064,2005-Ohio-4707 (Kee raised issue of admissibility of BAC results, appellate court concluded that any alleged error was harmless since trial court found Kee guilty of OVI and BAC, but only convicted and sentenced him on OVI).
 {¶ 28} Accordingly, Yomtovian's assignment of error is overruled and the judgment of the Lyndhurst Municipal Court is affirmed.
 {¶ 29} In addition, we strongly suggest that the Lyndhurst Municipal Court discontinue the use of its boiler plate language, "nolled and merged," as it is not possible to dismiss a charge, and then merge it for purposes of sentencing. Once a count is dismissed, it is gone, and there is nothing to merge.
MARY JANE BOYLE, JUDGE
CHRISTINE T. MCMONAGLE, J., CONCURS; SEAN C. GALLAGHER, P.J., DISSENTS WITH SEPARATE DISSENTING OPINION
[1] There was no transcript of the plea and sentencing hearing in the record on appeal.
[2] It is significant to note that for all of the other counts, the trial court did check the appropriate blank lines, indicating that Yomtovian entered a plea of no contest to those counts and that it found her guilty of them. In addition, the trial court imposed a sentence for each count where it found her guilty.