THE STATE OF OHIO, APPELLANT, *v.* WHITFIELD, APPELLEE.

[Cite as *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2.]

*Criminal law — Allied offenses of similar import — Sentencing — R.C.*
*2941.25(A) — Appellate procedure — State retains right to elect which*
*offense to pursue on remand to trial court — Court of appeals must*
*remand for new sentencing hearing upon finding reversible error in*
*imposition of multiple punishments for allied offenses — Determinations*
*of guilt for each offense remain intact after merger of allied offenses for*
*sentencing.*

(No. 2008-1669 — Submitted September 15, 2009 — Decided January 5, 2010.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 90244,
2008-Ohio-3150.

_____

SYLLABUS OF THE COURT

1.    The state retains the right to elect which allied offense to pursue on
      sentencing on a remand to the trial court after appeal.

2.    Upon finding reversible error in the imposition of multiple punishments
      for allied offenses, a court of appeals must reverse the judgment of
      conviction and remand for a new sentencing hearing at which the state
      must elect which allied offense it will pursue against the defendant.

3.    Because R.C. 2941.25(A) protects a defendant only from being punished
      for allied offenses, the determination of the defendant's guilt for
      committing allied offenses remains intact, both before and after the merger
      of allied offenses for sentencing.

_____

**O'CONNOR, J.**

{¶ 1}  In this appeal, we address the proper procedure for courts of appeals to follow after finding reversible error with respect to sentences imposed for allied offenses of similar import.

## Relevant Background

{¶ 2}  After a bench trial, the trial judge found appellee, Darnell Whitfield, guilty of drug possession, drug trafficking, having a weapon under disability, and carrying a concealed weapon, as well as three firearms specifications.  The judge imposed three-year concurrent sentences on all counts, to be served consecutively to a term of one year for the three firearms specifications, which the judge merged at sentencing.[1]

{¶ 3}  Whitfield appealed, arguing that the trial court had erred in denying his motions to suppress and for acquittal and that it had "committed plain error by convicting and sentencing him on both drug possession and drug trafficking which are allied offense of similar import."  After rejecting his claims on suppression and acquittal, the court of appeals applied our decision in *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625,  886 N.E.2d 181, paragraph two of the syllabus, and agreed that the trial court had committed plain error by convicting Whitfield of both drug possession and drug trafficking, which are allied offenses of similar import.  *State v. Whitfield*, Cuyahoga App. No. 90244, 2008-Ohio-3150, ¶ 36-37.  There was no error in that portion of the ruling.

{¶ 4}   In reversing, however, the court of appeals stated, "We therefore sustain [Whitfield's] third assignment of error, reverse the conviction for drug possession *and remand the case to the trial court to vacate the drug possession conviction*.  See R.C. 2953.08(G)(2); *State v. Saxon*, 109 Ohio St.3d 176, 2006-

---

1.  Inexplicably, the trial judge did not merge the drug-possession and trafficking charges, however.

Ohio-1245 [846 N.E.2d 824]; *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087 [817 N.E.2d 845]." (Emphasis added.) Id. at ¶ 38.

{¶ 5} We accepted discretionary review of the state's appeal, 120 Ohio St.3d 1486, 2009-Ohio-278, 900 N.E.2d 197. The state asserts that "upon finding one or more counts to constitute two or more allied offenses of similar import, R.C. 2941.25(A) requires that the convictions are merged for the purposes of sentencing and [that] the defendant [can] be sentenced only on one." We agree and take this opportunity to provide guidance on the proper manner in which the courts of appeal should remand cases after finding errors committed in sentencing on allied offenses.

**Analysis**

{¶ 6} R.C. 2941.25(A) provides, "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

{¶ 7} At the outset of our analysis, we recognize that the statute incorporates the constitutional protections against double jeopardy. These protections generally forbid successive prosecutions and multiple punishments for the same offense.

{¶ 8} In the case of multiple punishments, a defendant is protected only from multiple punishments that were not intended by the legislature. Legislatures are empowered to either permit or prohibit multiple punishments for the same offense. *State v. Childs* (2000), 88 Ohio St.3d 558, 561, 728 N.E.2d 379. By its enactment of R.C. 2941.25(A), the General Assembly has clearly expressed its intention to prohibit multiple punishments for allied offenses of similar import. *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, paragraph three of the syllabus. See also *Maumee v. Geiger* (1976), 45 Ohio St.2d 238, 242-243, 74 O.O.2d 380, 344 N.E.2d 133 (the statute is designed to prevent "shotgun

convictions" and "double punishment" for the same offense); *State v. Stewart*, Franklin App. No. 05AP-1073, 2006-Ohio-3310, 2006 WL 1781412, ¶ 6, citing *Rance*, 85 Ohio St.3d at 635, 710 N.E.2d 699 ("Ohio's General Assembly has indicated its intent to permit or prohibit cumulative punishments for the commission of certain offenses through the multiple-count statute set forth in R.C. 2941.25" ). This case involves the latter protection – the prohibition against multiple punishments for the same offense.

{¶ 9} By contrast, the General Assembly exercised its power to permit multiple punishments by enacting R.C. 2941.25(B). *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 17; *Rance*, 85 Ohio St.3d at 635, 710 N.E.2d 699, citing *Albernaz v. United States* (1981), 450 U.S. 333, 344, 101 S.Ct. 1137, 67 L.Ed.2d 275. Here, however, we are not presented with such a case.

{¶ 10} Rather, the parties agree that R.C. 2941.25(A) forbids multiple punishments for drug possession and drug trafficking, which are allied offenses of similar import. *Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, paragraph two of the syllabus. The court of appeals properly recognized that on the facts of this case, the trial court committed reversible error and that Whitfield's convictions for the allied possession and trafficking offenses must be merged on remand.

{¶ 11} This appeal poses two questions: (1) What exactly does R.C. 2941.25(A) prohibit when it states that a defendant may be "convicted" of only one of two allied offenses? and (2) When a sentencing court violates this prohibition, what is the proper procedure on remand?

{¶ 12} We have little trouble with the first question. Our past decisions make clear that for purposes of R.C. 2941.25, a "conviction" consists of a guilty verdict *and* the imposition of a sentence or penalty. *State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 135; *State v. McGuire* (1997), 80

4

Ohio St.3d 390, 399, 686 N.E.2d 1112 ("a conviction consists of a verdict and sentence"). See also *State v. Fenwick* (2001), 91 Ohio St.3d 1252, 1253, 745 N.E.2d 1046 (Cook, J., concurring), citing *McGuire* ("[f]or purposes of R.C. 2941.25, this court has already determined that a 'conviction' consists of both '*verdict and sentence*' " [emphasis sic]); *State v. Poindexter* (1988), 36 Ohio St.3d 1, 5, 520 N.E.2d 568 ("as there is only one order of execution, there can be only one conviction. See R.C. 2941.25(A) and *State v. Henderson* (1979), 58 Ohio St.2d 171, 12 O.O.3d 177, 389 N.E.2d 494, wherein 'conviction' includes *both* the guilt determination and the penalty imposition" [emphasis sic]).

{¶ 13} We recognize that certain decisions from this court might be read to suggest that a conviction does not necessarily require a sentence. For example, in *State v. Cash* (1988), 40 Ohio St.3d 116, 118, 532 N.E.2d 111, we held that a prior plea of guilty, without a sentence, was a "conviction" for purposes of Evid.R. 609(A) and could be used for impeachment of a witness. See also *State ex rel. Watkins v. Fiorenzo* (1994), 71 Ohio St.3d 259, 260, 643 N.E.2d 521 (holding for purposes of R.C. 2921.42(C)(1) that a guilty finding alone is sufficient to constitute a conviction). But those decisions are expressly limited to the discrete issues presented in them. See *Cash* at 118, 532 N.E.2d 111 (acknowledging precedent requiring both a finding of guilt and a sentence and limiting its own holding to impeachment under Evid.R. 609(A)); *Watkins* at 260, 643 N.E.2d 521 (recognizing that "the term 'conviction' normally includes both the finding of guilt and the sentence" and justifying its departure from that rule by the language of R.C. 2921.41(C)(1)). Thus, these cases do not conflict with our holding today that for purposes of R.C. 2941.25(A), a conviction is a determination of guilt and the ensuing sentence.

{¶ 14} We now turn to the second question: When a sentencing court violates R.C. 2941.25(A) by convicting a defendant of two allied offenses and then sentencing the defendant on both, what is the proper procedure on remand?

{¶ 15} The state contends that when a court correctly applies R.C. 2941.25(A) and merges convictions for allied offenses, only the sentences should be merged, i.e., both underlying determinations of guilt should be left intact. The state urges this court to revisit *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, in which this court, upon finding that the defendant had been improperly convicted and sentenced for two allied offenses of similar import, merged the convictions and *dismissed* one of the two counts. Id. at ¶ 103. The state asks us to clarify the law, contending that confusion has resulted from *Yarbrough* and our seemingly conflicting subsequent decisions in *State v. Winn,* 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154, and *Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181. In the latter two cases, we affirmed appellate court decisions vacating *only the sentence* for one of the allied offenses and leaving both convictions intact, without reference to *Yarbrough.*

{¶ 16} Although *Yarbrough*, *Cabrales*, and *Winn* addressed important aspects of allied-offense jurisprudence, none of them address the narrow argument advanced by the state. Rather, in answering the question, we start with our understanding that R.C. 2941.25(A) codifies the judicial doctrine of merger. *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 42; *State v. Logan* (1979), 60 Ohio St.2d 126, 131, 14 O.O.3d 373, 397 N.E.2d 1345. That doctrine operates to merge allied offenses of similar import into a single conviction. *Brown* at ¶ 42.

{¶ 17} A defendant may be indicted and tried for allied offenses of similar import, but may be sentenced on only one of the allied offenses. Id., citing *Geiger*, 45 Ohio St.2d at 244, 74 O.O.2d 380, 344 N.E.2d 133. In fact, our precedent, including cumulative-punishment cases that predate the 1972 enactment of R.C. 2941.25(A), makes clear that a defendant may be found guilty of allied offenses but not sentenced on them. See, e.g., *State v. Botta* (1971), 27 Ohio St.2d 196, 203, 56 O.O.2d 119, 271 N.E.2d 776 ("Where * * * in substance

and effect but one offense has been committed, a verdict of guilty by the jury under more than one count does not require a retrial but only requires that *the court not impose more than one sentence*" [emphasis added]); *Weaver v. State* (1906), 74 Ohio St. 53, 77 N.E. 273, paragraph one of the syllabus (when there are multiple counts of violating liquor statutes, but only one offense, "it is error for the court, on a verdict of guilty under each count, *to inflict the penalties* prescribed by each of the said sections" [emphasis added]); *Woodford v. State* (1853), 1 Ohio St. 427, paragraph three of the syllabus ("Where an offence forms but one transaction, and the indictment containing several counts on which the jury have returned a verdict of guilty, *it is error in the court to sentence on each count separately*" [emphasis added]).

{¶ 18} In cases in which the imposition of multiple punishments is at issue, R.C. 2941.25(A)'s mandate that a defendant may be "convicted" of only one allied offense is a protection against multiple sentences rather than multiple convictions. See, e.g., *Ohio v. Johnson* (1984), 467 U.S. 493, 498, 104 S.Ct. 2536, 81 L.Ed.2d 425, in which the United States Supreme Court held that the Double Jeopardy Clause protects against successive prosecutions and against *multiple punishments* for the same offense. Thus, to ensure that there are not improper cumulative punishments for allied offenses, courts must be cognizant that R.C. 2941.25(A) requires that "the trial court effects the merger at sentencing." *State v. Gapen,* 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 135. See also *State v. Palmer* (1997), 80 Ohio St.3d 543, 572, 687 N.E.2d 685; *Stewart,* 2006-Ohio-3310, ¶ 6.

{¶ 19} In this case, the court of appeals properly corrected the trial court's error in sentencing Whitfield for the allied offenses of drug possession and drug trafficking. But the court of appeals erred in ordering that this case be "remanded to the trial court with instructions *to vacate the conviction and sentence for drug possession only*." (Emphasis added.)

**{¶ 20}** The General Assembly has made clear that it is the state that chooses which of the allied offenses to pursue at sentencing, and it may choose any of the allied offenses. *Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 16 and 43, citing *Geiger*, 45 Ohio St.2d at 244, 74 O.O.2d 380, 344 N.E.2d 133; Legislative Service Commission Summary of Am.Sub.H.B. 511, The New Ohio Criminal Code (June 1973) 69. In conferring that right on the state, the legislature did not specify when the state must make that election. The Legislative Service summary states that "the prosecution *sooner or later* must elect as to which offense it wishes to pursue," (emphasis added), id., thereby implying that the state has latitude in determining when to decide which offense to pursue at sentencing.

**{¶ 21}** In light of the legislative history, we concluded previously that the statute does not require the state to make its election prior to trial. *State v. Weind* (1977), 50 Ohio St.2d 224, 236, 4 O.O.3d 413, 364 N.E.2d 224, vacated on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156. See also *State v. Roberts* (June 23, 1988), Auglaize App. No. 2-87-18, 1988 WL 68700 (the state does not lose its right to elect by failing to exercise it before a verdict of guilty has been returned). We see nothing in the language of R.C. 2941.25(A) that would deny the state the same right on remand. The state therefore retains the right to elect which allied offense to pursue on sentencing on a remand to the trial court after an appeal.

**{¶ 22}** The court of appeals impermissibly intruded on the state's right to elect by directing the trial court to vacate the drug-possession conviction. We reverse that portion of the court of appeals' decision in this case and remand the cause to the trial court for a new sentencing hearing, at which the state must elect the offense for which Whitfield should be punished.

**{¶ 23}** When confronted with allied offenses, courts must be guided by two principles: that R.C. 2941.25(A) prohibits "convictions" for allied offenses

and that the state controls which of the two allied offenses the defendant will be sentenced on.

{¶ 24} When the state elects which of the two allied offenses to seek sentencing for, the court must accept the state's choice and merge the crimes into a single conviction for sentencing, *Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 41, and impose a sentence that is appropriate for the merged offense. Thereafter, a "conviction" consists of a guilty verdict *and* the imposition of a sentence or penalty. See, e.g., *Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 135; *McGuire,* 80 Ohio St.3d at 399, 686 N.E.2d 1112; *Fenwick,* 91 Ohio St.3d at 1253, 745 N.E.2d 1046 (Cook, J., concurring). The defendant is not "convicted" for purposes of R.C. 2941.25(A) until the sentence is imposed.

{¶ 25} If, upon appeal, a court of appeals finds reversible error in the imposition of multiple punishments for allied offenses, the court must reverse the judgment of conviction and remand for a new sentencing hearing at which the state must elect which allied offense it will pursue against the defendant. On remand, trial courts must address any double jeopardy protections that benefit the defendant. However, as this court observed in *State v. Calhoun* (1985), 18 Ohio St.3d 373, 376-377, 18 OBR 429, 481 N.E.2d 624, "At least in the absence of an acquittal or a termination based on a ruling that the prosecution's case was legally insufficient, no interest protected by the Double Jeopardy Clause precludes a retrial when reversal is predicated on trial error alone. * * * The purpose of the Double Jeopardy Clause is to preserve for the defendant acquittals or favorable factual determinations but not to shield from appellate review erroneous legal conclusions not predicated on any factual determinations." Thus, the state is not precluded from pursuing any of the allied offenses upon a remand for a new sentencing hearing.

**{¶ 26}** On remand, the trial court should fulfill its duty in merging the offenses for purposes of sentencing, but remain cognizant that R.C. 2941.25(A)'s mandate that a "defendant may be convicted of only one" allied offense is a proscription against sentencing a defendant for more than one allied offense. Nothing in the plain language of the statute or in its legislative history suggests that the General Assembly intended to interfere with a determination by a jury or judge that a defendant is guilty of allied offenses. As the state asserts, by enacting R.C. 2941.25(A), the General Assembly condemned multiple sentences for allied offenses, not the determinations that the defendant was guilty of allied offenses.

**{¶ 27}** Because R.C. 2941.25(A) protects a defendant only from being punished for allied offenses, the determination of the defendant's guilt for committing allied offenses remains intact, both before and after the merger of allied offenses for sentencing.[2] Thus, the trial court should not vacate or dismiss the guilt determination.

### Conclusion

**{¶ 28}** For the reasons set forth herein, we reverse the decision of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

---

2. {¶ a} The dissent contends that "[in] essence, the offense that the state elects to pursue absorbs the other offense and nothing remains of the absorbed offense, including the finding of guilt." (Dissent at ¶ 36.) In so asserting, the dissent relies on our decision in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d. 824, and on two decisions from the Eighth District Court of Appeals, *Gates Mills v. Yomtovian*, 8th Dist. No. 88942, 2007-Ohio-6303, and *State v. Waters*, 8th Dist. No. 85691, 2005-Ohio-5137.

{¶ b} *Saxon*, which held that the sentencing-packaging doctrine is not applicable in Ohio law, is inapposite here and does not support the proposition for which it is cited by the dissent. *Waters* and the cases upon which it relies, *State v. Garner*, Trumbull App. No. 2002-T-0025, 2003-Ohio-5222, citing *State v. Collins* (October 18, 2003), Cuyahoga App. No. 79064, 2001 WL 1243943, are also inapposite because they are not allied-offense cases. Rather, in those cases, each judge failed to impose a sentence in cases in which there were multiple counts or specifications.

MOYER, C.J., and LUNDBERG STRATTON, O'DONNELL, and CUPP, JJ., concur.

PFEIFER and LANZINGER, JJ., dissent.

_____

**LANZINGER, J., dissenting.**

{¶ 29} I respectfully dissent because the majority's analysis impairs the finality of the judgment and may ultimately lead to a violation of a defendant's right to be free from double jeopardy.

{¶ 30} The majority states that "[t]his appeal poses two questions: (1) What exactly does R.C. 2941.25(A) prohibit when it states that a defendant may be 'convicted' of only one of two allied offenses? and (2) When a sentencing court violates this prohibition, what is the proper procedure on remand?" The majority concludes that "conviction" includes both the guilt determination and the imposition of a sentence or penalty, citing precedent from mostly death-penalty cases that offer little analysis. Two cases that were decided shortly after the effective date of R.C. 2941.25 offer better insight. In *Maumee v. Geiger* (1976), 45 Ohio St.2d 238, 74 O.O.2d 380, 344 N.E.2d 133, the issue was whether a person who admitted to the theft of property could be convicted of receiving stolen property. There we stated that "the intent of the General Assembly controls in this case, and that intent is plainly expressed in R.C. 2941.25, supra, and the accompanying committee comment. Although receiving is technically not an included offense of theft, it is, under R.C. 2941.25, an 'allied offense of similar import.' An accused may be tried for both but *may be convicted and sentenced for only one.* The choice is given to the prosecution to pursue one offense or the other, and it is plainly the intent of the General Assembly that the election may be of either offense." (Emphasis added.) Id. at 244, 74 O.O.2d 380, 344 N.E.2d 133.

{¶ 31} In *State v. Henderson* (1979), 58 Ohio St.2d 171, 12 O.O.3d 177, 389 N.E.2d 494, we were asked to determine the intent of the General Assembly

in enacting the phrase "previously been convicted of a theft offense" as used in former R.C. 2913.02(B), which elevated a misdemeanor theft offense to grand theft, a fourth-degree felony. Henderson had been separately indicted on one count of receiving stolen property and one count of grand theft. Although he had pleaded guilty to receiving stolen property, and the court had accepted that plea, he had not yet been sentenced when he was indicted for grand theft. The trial court determined that a plea of guilty was sufficient to satisfy the prior-conviction element. The court of appeals reversed, holding that a judgment entry of conviction was necessary to constitute a "conviction." In affirming the appellate court, we noted two important considerations: (1) a prior conviction was an integral element of the offense of grand theft, and (2) R.C. 2901.04(A) requires that we construe the meaning of "convicted" strictly against the state and liberally in favor of the defendant. Id. at 174, 12 O.O.3d 177, 389 N.E.2d 494. This court determined that the statute required "a more final adjudication of the defendant's guilt," i.e., the pronouncement of a sentence. Id. at 178, 12 O.O.3d 177, 389 N.E.2d 494.

{¶ 32} In Whitfield's case, however, defining the term "convicted" to mean both a finding of guilt and a sentence works to the defendant's *detriment*, thereby raising constitutional issues relating to a defendant's rights. By leaving the separate finding of guilt pending, the majority prevents the defendant from having a final judgment on all charged offenses.

{¶ 33} Furthermore, the use of the term "convicted" throughout the Revised Code, while not defined, clearly implies only the finding of guilt. See, e.g., R.C. 2929.01(EE) (" '*Sentence*' means the sanction or combination of sanctions imposed by the sentencing court on an offender who is *convicted* of or pleads guilty to an offense") (emphasis added); R.C. 2929.19(A) ("The court shall hold a sentencing hearing before imposing *a sentence* under this chapter upon an offender who was *convicted* of or pleaded guilty to a felony * * *") (emphasis

12

added); R.C. 2929.16(E) ("If a person who has been *convicted* of or pleaded guilty to a felony is *sentenced* to community residential sanction") (emphasis added); R.C. 2930.19 (C) ("The failure of any person or entity to provide a right, privilege, or notice to a victim under this chapter does not constitute grounds for declaring a mistrial or new trial, for setting aside a *conviction*, *sentence*, adjudication, or disposition, or for granting postconviction release to a defendant or alleged juvenile offender") (emphasis added).

{¶ 34} In *Henderson*, 58 Ohio St.2d at 178, 12 O.O.3d 177, 389 N.E.2d 494, a case involving the enhanced penalty provisions of former R.C. 2913.02(B), we acknowledged that the General Assembly used the term "conviction" to mean simply the finding of guilt in several statutes, but concluded that "the distinction between conviction and sentencing in these few provisions exists solely for the purpose of depicting various procedures to be followed during the interval after a defendant's guilt is legally adjudicated and before an appropriate penalty or treatment is determined. It is unreasonable to assume that the General Assembly intended an intermediate stage in a criminal proceeding, evidenced by the entry of a plea of guilty, to invoke the enhanced penalty provisions of R.C. 2913.02(B)." But for purposes of R.C. 2941.25, it makes sense that the General Assembly intended to confine the term "convicted" to the finding of guilt, because allied offenses are to be merged *before* sentencing. See *State v. Harris*, 122 Ohio St.3d 373, 2009-Ohio-3323, 911 N.E.2d 882, ¶ 23 ("*Geiger* requires the prosecution to elect which offense it will pursue after a finding of guilt but prior to sentencing").

{¶ 35} Even if I were to accept that "conviction" includes sentencing as well as a finding of guilt in this case, I cannot agree with the majority's remedy. In *State v. Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 42, this court acknowledged that R.C. 2941.25 is a legislative attempt to codify the judicial doctrine of merger, i.e., the principle that " 'a major crime often includes as inherent therein the component elements of other crimes and that these

component elements, in legal effect, are merged in the major crime.' " Id., quoting *State v. Botta* (1971), 27 Ohio St.2d 196, 201, 56 O.O.2d 119, 271 N.E.2d 776. See also *State v. Rice* (1982), 69 Ohio St.2d 422, 424, 23 O.O.3d 374, 433 N.E.2d 175; *State v. Roberts* (1980), 62 Ohio St.2d 170, 172, 16 O.O.3d 201, 405 N.E.2d 247; *State v. Logan* (1979), 60 Ohio St.2d 126, 131, 14 O.O.3d 373, 397 N.E.2d 1345. Although the majority acknowledges the merger doctrine, it inexplicably holds that the separate determination of the defendant's guilt on each allied offense remains intact, both before and after merged sentencing.

**{¶ 36}** This holding contradicts the concept of merger. The allied offenses combine into one pursuant to R.C. 2941.25(A). In essence, the offense that the state elects to pursue absorbs the other offense, and nothing remains of the absorbed offense, including the finding of guilt. See *Gates Mills v. Yomtovian*, 8th Dist. No. 88942, 2007-Ohio-6303, ¶ 23 (" 'merge' in criminal law is defined as, '[t]he absorption of a lesser included offense into a more serious offense when a person is charged with both crimes, so that the person is not subject to double jeopardy.' Black's Law Dictionary (8 Ed. Rev.2004) 1009"). To say that a determination of guilt on the merged offense survives means it remains pending in limbo and prevents a final judgment from being entered. See *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 8 (a trial court must separately assign a particular sentence to each offense); *State v. Waters*, 8th Dist. No. 85691, 2005-Ohio-5137 (an order that fails to impose sentence for an offense for which the offender was found guilty not only violates this rule but renders the resultant order nonfinal and not immediately appealable).

**{¶ 37}** Once the state elects which allied offense it will pursue, that decision should be final, and the trial court should dismiss the other allied count. If the court of appeals reverses the judgment of conviction, the state should not be given a second chance to convict on the charge merged. By holding that the determination of guilt remains undisturbed after the merger of the allied offenses,

the majority focuses on the prohibition against multiple punishments for the same offense, but ignores the equally important double jeopardy protection against successive prosecutions for the same conduct.  I respectfully dissent.

PFEIFER, J., concurs in the foregoing opinion.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and Kristen L. Sobieski, Assistant Prosecuting Attorney, for appellant.

Timothy Young, Ohio Public Defender, and Spencer Cahoon, Assistant Public Defender, for appellee.

_____