[Cite as *State v. Stevens*, 2021-Ohio-2297.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                   CASE NO.  9-20-39

    v.

RYAN B. STEVENS,                        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 19-CR-094

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision:   July 6, 2021

APPEARANCES:

    *W. Joseph Edwards* for Appellant

    *Nathan R. Heiser*  for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Ryan Stevens ("Stevens"), brings this appeal from the October 5, 2020 judgment of the Marion County Common Pleas Court sentencing him to an aggregate 20-year prison term after Stevens was found guilty by a jury of possession of heroin in violation of R.C. 2925.11(A), a first degree felony, having weapons while under disability in violation of R.C. 2923.13(A)(3), a third degree felony, and possession of fentanyl in violation of R.C. 2925.11(A), a first degree felony. On appeal, Stevens argues that his convictions for possession of heroin and possession of fentanyl were against the manifest weight of the evidence, that the trial court failed to make the proper consecutive sentences findings pursuant to R.C. 2929.14(C)(4), and that the possession of heroin and possession of fentanyl charges should have merged for purposes of sentencing.

*Background*

{¶2} A superseding indictment was filed against Stevens on June 19, 2019, charging him with (Count 1) possession of heroin in violation of R.C. 2925.11(A), a first degree felony, (Count 2) having weapons while under disability in violation of R.C. 2923.13(A)(3), a third degree felony,[1] and (Count 3) possession of fentanyl in violation of R.C. 2925.11(A), a first degree felony. Counts 1 and 3 alleged that Stevens possessed the substance, compound, or mixture greater than or equal to 50

---

[1] The second count of the indictment contained a forfeiture specification pursuant to R.C. 2941.1417, seeking forfeiture of a Glock 19.

grams or 500 unit doses. Stevens proceeded to a jury trial on September 15-16, 2020, wherein he was convicted of all three charges.

{¶3} On October 5, 2020, Stevens was sentenced to a mandatory 7 years in prison on the possession of heroin charge, 24 months in prison on the having weapons while under disability charge, and 11 years in prison on the possession of fentanyl charge. All three prison terms were ordered to be served consecutively for an aggregate 20-year sentence. It is from this judgment that Stevens appeals, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**The trial court erred in imposing a prison term consecutive to another prison term because there was an insufficient finding that the sentence was *not* disproportionate to any danger the defendant may pose to the public and the trial court failed to identify specific reasons in support of its finding that consecutive sentences were appropriate.**

**Assignment of Error No. 2**
**The jury's verdicts were against the manifest weight of the evidence in violation of the United States Constitution and the Ohio Constitution.**

**Assignment of Error No. 3**
**The trial court erred when it failed to merge counts one and three at sentencing thereby violating appellant's right against double jeopardy contained in the 5th and 14th Amendments to the United States Constitution.**

{¶4} For ease of discussion, we elect to address the assignments of error out of the order in which they were raised.

*Second Assignment of Error*

**{¶5}** The statement of Stevens' second assignment of error challenges his convictions for possession of heroin and possession of fentanyl as being against the manifest weight of the evidence. However, in the body of his brief he appears to also argue that there was insufficient evidence presented to convict him of these crimes.[2] Thus, in the interest of justice, we will review both arguments, which contain distinct and separate standards of review.

Standard of Review

**{¶6}** "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus; *State v. Pountney*, 152 Ohio St.3d 474, 2018-Ohio-22, ¶ 19 (an appellate court's function in a sufficiency review is not to determine if the evidence *should* be believed). Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979); *State v. Ford*, --- Ohio St.3d ---, 2019-Ohio-4539,

---

[2] Stevens makes no argument with regard to his conviction for having weapons while under disability and does not mention the conviction in his assignment of error, thus we will not address it. Having reviewed the record, however, we emphasize that the record does, in fact, support the conviction.

¶ 317. "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33, citing *State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, ¶ 25 (1st Dist.); *see also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997) ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence.").

{¶7} In reviewing whether a verdict was against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror" and examines the conflicting testimony. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52. In doing so, this Court must review the entire record, weigh the evidence and all of the reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the factfinder "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id*.

{¶8} Nevertheless, a reviewing court must allow the trier-of-fact appropriate discretion on matters relating to the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v.*

*Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

Controlling Statutes

**{¶9}** Stevens was convicted of possession of heroin in violation of R.C. 2925.11(A)/(C)(6)(e), which reads as follows.

> **(A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.**
>
> **\* \* \***
>
> **(C) Whoever violates division (A) of this section is guilty of one of the following:**
>
> **\* \* \***
>
> **(6) If the drug involved in the violation is heroin or a compound, mixture, preparation, or substance containing heroin, whoever violates division (A) of this section is guilty of possession of heroin. The penalty for the offense shall be determined as follows:**
>
> **\* \* \***
>
> **(e) If the amount of the drug involved \* \* \* equals or exceeds fifty grams but is less than one hundred grams, possession of heroin is a felony of the first degree, and the court shall impose as a mandatory prison term a first degree felony mandatory prison term.**

**{¶10}** Stevens was also convicted of possession of fentanyl in violation of R.C. 2925.11(A)/(C)(11)(f), which reads as follows.

> **(A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.**
>
> **\* \* \***

**(C)  Whoever violates division (A) of this section is guilty of one of the following:**

**\* \* \***

**(11)  If the drug involved in the violation is a fentanyl-related compound and neither division (C)(9)(a) nor division (C)(10)(a) of this section applies to the drug involved, or is a compound, mixture, preparation, or substance that contains a fentanyl-related compound or is a combination of a fentanyl-related compound and any other controlled substance and neither division (C)(9)(a) nor division (C)(10)(a) of this section applies to the drug involved, whoever violates division (A) of this section is guilty of possession of a fentanyl-related compound. The penalty for the offense shall be determined as follows:**

**\* \* \***

**(f)  If the amount of the drug involved \* \* \* equals or exceeds fifty grams but is less than one hundred grams, possession of a fentanyl-related compound is a felony of the first degree, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree.**

Evidence Presented

{¶11} On February 25, 2019, a search was conducted pursuant to a warrant of a residence that Stevens occupied along with his girlfriend and his 13-year old daughter.[3]  Officers located a handgun in the residence.  Drug dogs also alerted on a safe that was located inside the residence.  A key to the safe was on Stevens' person.

---

[3] Stevens was arrested away from the residence for driving under suspension after he dropped his daughter off at school.  Stevens would challenge the idea that the residence was his at trial; however, as will be discussed *infra* the evidence supports the conclusion that it was Stevens' residence.

**{¶12}** Inside the safe police found one plastic baggie containing a mixture of 11.07 grams of suspected heroin and fentanyl, a second plastic baggie containing a mixture of 10.04 grams of suspected heroin and fentanyl, and a third plastic baggie containing a mixture of 39.66 grams of suspected heroin and fentanyl. The substances were tested and expert testimony determined that the substances were, in fact, mixtures containing both heroin and fentanyl.[4]

**{¶13}** Stevens cross-examined the witnesses presented by the state in an attempt to suggest that the residence was not actually his, and that the drugs were not his. He tried to point to his girlfriend as a possible culprit as she was present during the search; however, she did not have the key to the safe on her and the drugs were located in the safe. Further, Stevens' identification card was found in the residence and Stevens made a statement that he had purchased the firearm found in the residence. Ultimately the jury convicted Stevens of both possession crimes and having weapons while under disability.

Analysis

**{¶14}** On appeal, Stevens argues that the evidence did not support his convictions for possession of heroin and possession of fentanyl. In contending that the evidence did not support his convictions, Stevens argues that while he could

---

[4] The original BCI forensic scientist who tested the substances testified at trial; however, at one point her availability to testify at trial was in question, so a second forensic scientist from BCI tested the materials. His weights came to slightly more than the original, totaling 61.04 grams rather than 60.77 grams. Both measurements had a small margin of error. The second forensic scientist explained to the jury why the weights might be slightly different a year apart. Regardless, both measurements were well in excess of 50 grams.

have been convicted of possessing about 60.77 grams of drugs total, he was not factually capable of possessing 50 grams of heroin *and* 50 grams of fentanyl since only 60.77 grams of drugs were recovered. By his argument, Stevens' seems to acknowledge that a jury could properly find him in possession of at least 50 grams of either heroin or fentanyl based on the evidence presented. Therefore, even in a liberal reading of Stevens' argument, his challenge is really one of merger, which is discussed, *infra*, in the third assignment of error.

{¶15} Nevertheless, to the extent that Stevens is arguing that he could not be *charged* with possession of 50 grams of heroin and possession of 50 grams of fentanyl because only 60.77 grams of a substance existed, this is an incorrect interpretation of the law. Criminal defendants are often charged in the alternative. "A defendant may be indicted and tried for allied offenses of similar import, but may be sentenced on only one of the allied offenses." *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 17; *State v. Helms,* 7th Dist. Mahoning No. 08 MA 199, 2012-Ohio-1147, ¶ 65, (DeGenaro, J., *concurring in part and dissenting in part*) (statutes allow "the state to charge a criminal defendant with multiple, related offenses stemming from the same incident, but prohibits the imposition of multiple punishments for the same criminal conduct[.]"). "This way, even if the state is unable to prove its case on some of the charges, a conviction on others assures that criminal acts do not go unpunished." *Helms* at ¶ 68.

{¶16} Although the jury could have found that the state did not prove one of the possession crimes, the jury did determine that Stevens was in possession of a substance that was in excess of 50 grams of heroin, with fillers, or, alternatively, that the substance was in excess of 50 grams of fentanyl, with fillers. *See State v. Gonzales*, 150 Ohio St.3d 276, 2017-Ohio-777, ¶ 9 ("the plain language of R.C. 2925.11(C)(4)(b) through (f) penalizes an offender for the amount of cocaine possessed, and the amount of 'cocaine' clearly encompasses the whole compound or preparation of cocaine, including fillers that are part of the usable drug."). Thus the jury could readily return *guilty verdicts* on *both* possession of heroin in excess of 50 grams and possession of fentanyl in excess of 50 grams. Whether Stevens could be *sentenced* for each of those possession crimes based on a single amount of drugs is a different matter entirely than whether the jury could find Stevens guilty. *See also State v. Pendleton*, --- Ohio St.3d ---, 2020-Ohio-6833 (wherein the Supreme Court of Ohio found that trafficking in heroin and trafficking in fentanyl should merge for purposes of sentencing where the trafficked amount was the same substance for both convictions; however, the Court did not find that because the counts merged they could not even be charged or that a jury could not return guilty verdicts).

{¶17} After reviewing the record, we find that there was sufficient evidence to support Stevens' possession convictions and that his convictions were not against the manifest weight of the evidence. The jury was entitled to believe the evidence

presented by the state that the substances were possessed by Stevens given that the drugs were in a safe that Stevens had the key to unlock, and given that the drugs were in his residence. *State v. Missler*, 3d Dist. Hardin No. 6-14-06, 2015-Ohio-1076, ¶ 44, quoting *State v. Bean,* 9th Dist. Summit No. 26852, 2014–Ohio–908, ¶ 15, quoting *State v. Martinez,* 9th Dist. Wayne No. 12CA0054, 2013–Ohio–3189, ¶ 16 (" 'A verdict is not against the manifest weight of the evidence because the [jury] chose to believe the [s]tate's witnesses rather than the defendant's version of the events.' "). Therefore, Stevens' second assignment of error is overruled.

### *Third Assignment of Error*

{¶18} In his third assignment of error, Stevens argues that his convictions for possession of heroin and possession of fentanyl should have merged for purposes of sentencing.

### Standard of Review

{¶19} " 'Whether offenses are allied offenses of similar import is a question of law that this Court reviews de novo.' " *State v. Jessen*, 3d Dist. Auglaize No. 2-18-16, 2019-Ohio-907, ¶ 22, quoting *State v. Frye*, 3d Dist. Allen No. 1-17-30, 2018-Ohio-894; *see generally State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-955.

### Relevant Authority

{¶20} Revised Code 2941.25, Ohio's multiple-count statute, states:

**(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the**

**indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.**

**(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.**

{¶21} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, the Supreme Court of Ohio held the following with regard to determining allied offenses:

**1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.**

**2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.**

**3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.**

The Supreme Court in *Ruff* explained:

**At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results**

**from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.**

*Ruff*, 2015-Ohio-995 at ¶ 26.

Analysis

{¶22} Stevens was convicted and sentenced for possession of heroin in an amount equal to, or in excess of, 50 grams, and possession of fentanyl in an amount equal to, or in excess of, 50 grams. However, Stevens was only found in possession of a total of approximately 60 grams of drugs. Based on the amount, he argues that it was impossible for him to have both in excess of 50 grams of heroin and in excess of 50 grams of fentanyl when he only had 60 grams total. Although the state argued against merger at the sentencing hearing, citing authority in support, the state actually now concedes that Stevens' assignment of error should be sustained based on the Supreme Court of Ohio's recent decision in *State v. Pendleton*, --- Ohio St.3d ---, 2020-Ohio-6833.

{¶23} In *Pendleton*, the defendant was found in possession of a total of 133.62 grams of a mixture of heroin and fentanyl spread across three bags. Because the three bags contained a "mixture" of heroin and fentanyl, the trial court treated the matter as though the defendant trafficked 133.62 grams of heroin, *and* 133.62

grams of fentanyl, even though there was only 133.62 grams total.[5]  The trial court rejected arguments that the trafficking in heroin and trafficking in fentanyl charges should merge, determining that different drug groups constituted different offenses. *Pendleton* at ¶ 3.

{¶24} Pendleton appealed, and in a 2-1 decision the Second District Court of Appeals affirmed the separate convictions and sentences for trafficking in heroin and trafficking in fentanyl.  *State v. Pendleton*, 2d Dist. Clark Nos. 2017-CA-9, 2017-CA-17, 2018-Ohio-3199.  Thereafter, the Supreme Court of Ohio accepted review of the matter, specifically framing the following issue.  "A criminal defendant's right against Double Jeopardy as guaranteed by the United States and Ohio Constitutions is violated when he is convicted for two drug trafficking offenses where the drugs in each offense are calculated as filler for the other offense." *Pendleton*, 2020-Ohio-6833, ¶ 7.

{¶25} Addressing the issue, the Supreme Court of Ohio conducted the following analysis.

> **To convict Pendleton of trafficking in heroin, the state was required to prove that the "drug" involved is "heroin or a compound, mixture, preparation, or substance containing heroin." R.C. 2925.03(C)(6). And pursuant to the version of R.C. 2925.03(C)(6)(f) in effect at the time of Pendleton's offenses, the amount of the "drug" required for a first-degree-felony violation of trafficking in heroin was 50 to 250 grams. 2015 Am.Sub.H.B. No. 64.[2] Thus, the statute allows the presumption that 100 percent**

---

[5] Pendleton was also convicted of possession charges, but they were merged into their respective trafficking convictions.  *Pendleton* at ¶ 3.

of the mixture or substance is heroin for the purpose of establishing that the heroin weighs 50 to 250 grams.

To convict Pendleton of aggravated trafficking in drugs pursuant to the version of R.C. 2925.03(C)(1) in effect at the time of the offenses, the state was required to prove that the "drug" involved was a "compound, mixture, preparation, or substance" containing a schedule II substance, that is, fentanyl. 2015 Am.Sub.H.B. No. 64. And the amount of "drug" required for a second-degree-felony violation of aggravated trafficking in drugs is 5 to 50 times the "bulk amount," R.C. 2925.03(C)(1)(d), that is, 100 to 1,000 grams "of a compound, mixture, preparation, or substance that is or contains any amount of a schedule II opiate," that is, fentanyl. R.C. 2925.01(D)(1)(d). Thus, the statute allows the presumption that 100 percent of the mixture or substance is fentanyl for the purpose of establishing that the fentanyl weighs 100 to 1000 grams.

Given the foregoing, and pursuant to the logic of *Gonzales II*, each of the applicable drug-trafficking offenses under R.C. 2925.03 allows a fact-finder to consider conduct that *exists*—for example, trafficking in 50 grams of powder containing a detectable amount of heroin—and then make a fictional assumption about that existing conduct to satisfy the weight element of the offense: the full 50 grams is 100 percent heroin. Nothing in R.C. 2925.03 allows a fact-finder to then *create* additional conduct that does not exist in fact: trafficking in a separate, additional 50 grams of powder containing a detectable amount of fentanyl. Nothing in R.C. 2925.03 allows a fact-finder to double the fiction and assume that the full 50 grams is simultaneously 100 percent heroin and 100 percent fentanyl.

Ohio's statutes prohibiting drug possession and drug trafficking, R.C. 2925.03 and 2925.11, provide a unique context for the application of the Double Jeopardy Clause because the statutes create different felony levels and impose different punishments "depending on the type and amount of illegal substance upon which a criminal charge could be made," *State v. Taylor*, 113 Ohio St.3d 297, 2007-Ohio-1950, 865 N.E.2d 37, ¶ 14, and because the statutes involve a presumption about the nature of the substance in order to satisfy the "amount" element. It is

**true that heroin and fentanyl cause distinct and severe harm, and the General Assembly has made it clear from its decision to create separate offenses based on drug classification that drugs of different types can be punished separately.** *State v. Delfino*, **22 Ohio St.3d 270, 274, 490 N.E.2d 884 (1986). And the General Assembly has made it clear from its creation in R.C. 2925.03 of separate, weight-based offenses within each class of drug that trafficking in the same drug can be punished differently based on the weight of the drug. But the General Assembly also made clear that when weight is an element of an offense for a specific type of drug, the full weight of the substance is considered as constituting that drug only. As a result, the substance cannot be considered as anything else, illicit or otherwise.**

**Pendleton's conduct in this case—trafficking in 133.62 grams of a mixture of heroin and fentanyl—is not factually capable of constituting both the offense of trafficking over 50 grams of heroin and the offense of trafficking over 100 grams of fentanyl. Because Pendleton's conduct does not simultaneously constitute the two weight-based drug-trafficking offenses charged by the state, R.C. 2925.03 does not allow separate punishments to be imposed on his conduct. By imposing separate sentences of 11 years for Pendleton's conviction for trafficking in heroin in an amount over 50 grams and 8 years for his conviction for trafficking in fentanyl in an amount over 100 grams, the trial court punished Pendleton twice for a singular quantity of drugs, violating his right to be free from double jeopardy.**

*Pendleton* at ¶ 15-19.

**{¶26}** Applying *Pendleton* to this case, Stevens cannot be separately punished for possessing in excess of 50 grams of heroin and in excess of 50 grams of fentanyl when he only possessed a total mixture of approximately 60 grams. In relying on *Pendleton* to make this determination, we emphasize that *Pendleton* had not been released at the time the trial court was considering merger in this matter.

{¶27} We would note that while the state concedes that *Pendleton* requires us to sustain Stevens' third assignment of error, the state favorably cites the well-reasoned dissent of three justices in *Pendleton*, indicating that the state would agree with the dissenting justices. Nevertheless, as the state concedes, even if we agreed with the dissenting justices in *Pendleton*, we are bound to follow the authority of the Supreme Court of Ohio.[6] Therefore, based on *Pendleton*, the facts in this case, and the state's concession, Stevens' third assignment of error is sustained.[7]

*First Assignment of Error*

{¶28} In his first assignment of error, Stevens argues that the trial court did not make the appropriate findings to impose consecutive sentences in this matter pursuant to R.C. 2929.14(C)(4). However, due to our disposition of the third assignment of error, Stevens will have to be resentenced. At that time, if the trial court imposes consecutive sentences, the proper findings will have to be remade pursuant to R.C. 2929.14(C)(4). Thus Stevens' first assignment of error is moot and we will not further address it.[8]

*Conclusion*

{¶29} For the foregoing reasons the second assignment of error is overruled, the third assignment of error is sustained, and the first assignment of error is

---

[6] Undoubtedly *Pendleton* will have an impact on how future weight-based crimes are charged to allow for separate and consecutive sentences.

[7] We note that the Supreme Court of Ohio concluded that separate sentences in *Pendleton* violated Double Jeopardy protections, but the decision was made irrespective of R.C. 2941.25. *See Pendleton* at ¶ 12.

[8] We note that while the matter is moot, the record did reflect that the trial court made all the appropriate consecutive sentence findings both at the sentencing hearing and in its judgment entry of sentence.

rendered moot. Therefore, the judgment of the Marion County Common Pleas Court is affirmed in part and reversed in part. This case is remanded to the trial court for resentencing, wherein the State will elect which possession charge it would like to proceed to sentence Stevens on. At that time, consecutive sentences related to the remaining possession charge and the having weapons while under disability charge can be revisited.

***Judgment Affirmed in Part,***
***Reversed in Part and***
***Cause Remanded***

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**