[Cite as *State v. Hardy*, 2021-Ohio-2977.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

RAYLON J. HARDY,

    DEFENDANT-APPELLANT.

CASE NO. 1-20-36

O P I N I O N

Appeal from Allen County Common Pleas Court
Trial Court No. CR2019 0479

Judgment Reversed and Cause Remanded.

Date of Decision: August 30, 2021

APPEARANCES:

    *Thomas J. Lucente Jr.* for Appellant

    *Jana E. Emerick* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Raylon J. Hardy ("Hardy") appeals the judgment of the Allen County Court of Common Pleas, alleging that several of his convictions were allied offenses of similar import that should have merged at sentencing. For the reasons set forth below, the judgment of the trial court is reversed.

*Facts and Procedural History*

{¶2} On November 19, 2019, the West Central Ohio Crime Task Force ("the Task Force") conducted a controlled buy in which a confidential informant purchased 7.15 grams of heroin and fentanyl from Hardy for $650.00. Doc. 29.[1] On November 21, 2019, the Task Force conducted a second controlled buy in which a confidential informant purchased 8.69 grams of heroin and fentanyl from Hardy for $1,100.00. Tr. 2-3. On November 25, 2019, the Task Force conducted a third controlled buy in which a confidential informant purchased a 5.46 grams of heroin and fentanyl from Hardy for $650.00. Tr. 3.

{¶3} After these three controlled-buy operations, the Task Force obtained a search warrant and placed a GPS device on Hardy's vehicle. Tr. 3. On November 26, 2019, the GPS indicated that Hardy was "consistently travelling" to a location on Dingledine Avenue and a location on South Union Street in Lima, Ohio. Tr. 4.

---

[1] The bill of particulars states that $540.00 changed hands in the first controlled buy while $650.00 changed hands in the third controlled buy. Doc. 29. But at the sentencing hearing, the state reported that $650.00 changed hands in the first and third controlled buys. Tr. 2-3. In his brief, Hardy states that $650.00 changed hands in the first and third controlled buys. Appellant's Brief, 5-6. We note that the outcome of this case is the same regardless of whether the amount exchanged in the first controlled buy was $540.00 or $650.00.

The Task Force then obtained search warrants for these two locations. Tr. 4. Upon executing these warrants, the Task Force discovered fentanyl and cocaine stored at both of these locations. Tr. 4-5. Doc. 27.

{¶4} On January 16, 2020, the State issued an eleven-count indictment against Hardy. Doc. 3. The eleven charges are, for ease of reading, written as follows:

> *First and Second Counts*: The controlled buy on November 19, 2019 gave rise to one count of trafficking in heroin in violation of R.C. 2925.03(A)(1), (C)(6)(d) (Count 1) and one count of trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(1), (C)(9)(d) (Count 2).
>
> *Third and Fourth Counts*: The controlled buy on November 21, 2019 gave rise to one count of trafficking in heroin in violation of R.C. 2925.03(A)(1), (C)(6)(d) (Count 3) and one count of trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(1), (C)(9)(d) (Count 4).
>
> *Fifth and Sixth Counts*: The controlled buy on November 25, 2019 gave rise to one count of trafficking in heroin in violation of R.C. 2925.03(A)(1), (C)(6)(d) (Count 5) and one count of trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(1), (C)(9)(d) (Count 6).
>
> *Seventh, Eighth, and Ninth Counts*: The searches conducted at the Dingledine Avenue location on November 26, 2019 gave rise to one count of possession of heroin in violation of R.C. 2925.11(A), (C)(6)(b) (Count 7); one count of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), (C)(11)(c) (Count 8); and one count of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(a) (Count 9).
>
> *Tenth and Eleventh Counts*: The searches conducted at the South Union Street location on November 26, 2019 gave rise to one count of possession of a fentanyl-related compound in violation of R.C.

2925.11(A), (C)(11)(e) (Count 10) and one count of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(e) (Count 11).

*See* Doc. 3. Thus, the original indictment contained six charges related to trafficking in illegal drugs and five charges related to the possession of illegal drugs. Doc. 3.

{¶5} On January 24, 2020, Hardy entered pleas of not guilty for each of the eleven charges against him. Doc. 11. However, on August 25, 2020, he appeared at a change of plea hearing. Doc. 67. Pursuant to a plea agreement, Hardy pled guilty to the first six counts in the indictment. Doc. 66. The seventh, eighth, and ninth counts in the indictment were then dismissed. Doc. 66, 67. Hardy then pled guilty to the tenth and eleventh counts as amended charges. Doc. 66.[2] Thus, Hardy pled guilty to a total of eight charges.

{¶6} On August 31, 2020, Hardy appeared at the trial court for sentencing. Tr. 1. The Defense argued that the six charges for trafficking in illegal drugs were subject to merger and that Hardy should only receive one conviction for trafficking in illegal drugs for each of the three controlled buys in this case. Tr. 17-18, 21-22. Thus, the Defense asserted that, after merger, Hardy should have a total of five convictions: three for trafficking in illegal drugs and two for possession of illegal drugs. Tr. 21-22. After considering the arguments, the trial court determined that none of the charges against Hardy were subject to merger and imposed sentences for eight convictions. Doc. 74.

---

[2] The amendments reduced these possession charges from felonies of the first degree to felonies of the third degree. Doc. 3, 66. See R.C. 2925.11(A)(c), (C)(11)(c); R.C. 2925.11(A), (C)(4)(c).

*Assignment of Error*

**{¶7}** Hardy filed his notice of appeal on September 2, 2020. Doc. 76. On appeal, he raises the following assignment of error:

> **The trial court violated Mr. Hardy's right against double jeopardy as guaranteed by the United States and Ohio Constitutions when it convicted and sentenced him on separate drug trafficking counts where the drugs in each offenses were calculated as filler for the other offense.**

He argues that he should not have received two sentences for each of the three controlled buys in this case.

Legal Standard

**{¶8}** "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10, quoting the Fifth Amendment to the U.S. Constitution. Applicable to the State of Ohio through the Fourteenth Amendment to the United States Constitution, "[t]he Double Jeopardy Clause protects against three abuses: (1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.'" *Id*., quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

**{¶9}** Ohio's multiple counts statute in R.C. 2941.25 "codifies certain protections of the Double Jeopardy Clauses of the United States Constitution and the Ohio Constitution [and] prohibit[s] a defendant from being convicted multiple times for the same conduct." *State v. Howton*, 3d Dist. Allen No. 1-16-35, 2017-Ohio-4349, ¶ 14. R.C. 2941.25 reads as follows:

> **(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.**
>
> **(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.**

R.C. 2941.25. Thus, under Ohio law, if a defendant is charged with allied offenses of similar import the "trial court is required to merge allied offenses of similar import at sentencing." *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 28, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 27.

**{¶10}** "In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors— the conduct, the animus, and the import." *Ruff*, paragraph one of the syllabus. Separate convictions are permitted under R.C. 2941.25

**if we answer affirmatively to just one of the following three questions: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separate? And (3) Were they committed with a separate animus or motivation?**

*State v. Potts*, 2016-Ohio-5555, 69 N.E.3d 1227, ¶ 96 (3d Dist.), quoting *State v. Bailey*, 1st Dist. Hamilton No. C-104129, 2015-Ohio-2997, ¶ 76, citing *Ruff* at paragraph three of the syllabus. When examining allied offenses, "the question is not whether a particular sentence is justified, but whether the defendant may be sentenced upon all the offenses." *Sergent* at ¶ 28, quoting *Underwood* at ¶ 27.

Legal Analysis

{¶11} On appeal, Hardy argues that he should not have received more than one punishment for each of the controlled buys under the facts of this case. In response, the State of Ohio concedes that Hardy's position is meritorious based on the Ohio Supreme Court's recent decision in *State v. Pendleton*, 163 Ohio St.3d 114, 2020-Ohio-6833, 168 N.E.3d 458, ¶ 1-2. Appellee's Brief, 7. As we proceed to our analysis, we note that the trial court did not have the benefit of *Pendleton's* guidance when sentencing Hardy as the Ohio Supreme Court rendered this decision in December of 2020. *Id.*

{¶12} In *Pendleton*, the defendant was found to have 133.62 grams of heroin and fentanyl. *Pendleton* at ¶ 1-2. Pendleton was later convicted and sentenced "on a first-degree-felony conviction for trafficking in 133.62 grams of heroin" *and* "on a second-degree-felony conviction for trafficking in 133.62 grams of fentanyl." *Id.*

at ¶ 1. The trial court found that these two convictions should not "merge for purposes of sentencing," concluding "that 'different drug groups constitute different offenses and are therefore not allied offenses of similar import.'" *Id*. at ¶ 3.

{¶13} On appeal, the Ohio Supreme Court determined that the application of Ohio's multiple counts statute in R.C. 2941.25 was not necessary to resolve this issue and disposed of this case by relying only on the requirements of R.C. 2925.03. *Pendleton* at ¶ 11-12. In applying R.C. 2925.03, the Ohio Supreme Court noted that

> **the ability to prove the weight of the controlled substance from the entire usable mixture alleviated unreasonable evidentiary burdens, given that the fillers cannot be separated from the pure drug and the purity level of a drug may vary considerably. * * * By defining the crime in such a way that possessing a mixture is equivalent to possessing the pure drug, the General Assembly created a legal fiction that allowed us to presume that 100 percent of the mixture was [the prohibited drug] for purposes of establishing the weight of the drug.**

(Citations omitted.) *Id*. at ¶ 14, citing *State v. Gonzales*, 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.3d 419, ¶ 9.

{¶14} Under the then applicable version of R.C. 2925.03(C), establishing a first-degree-felony conviction for trafficking in heroin required the State to prove that Pendleton had "50 to 250 grams" of heroin. *Pendleton* at ¶ 15. Establishing a second-degree-felony conviction for trafficking in fentanyl required the State to prove that Pendleton had "100 to 1000 grams" of fentanyl. *Id*. at ¶ 16. However, the State only proved that he had 133.62 grams of heroin and fentanyl. *Id*. at ¶ 19. After reviewing these facts, the Ohio Supreme Court reached this conclusion:

> **Pendleton's conduct in this case—trafficking in 133.62 grams of a mixture of heroin and fentanyl—is not factually capable of constituting both the offense of trafficking in over 50 grams of heroin and the offense of trafficking in over 100 grams of fentanyl. Because Pendleton's conduct does not simultaneously constitute the two weight-based drug-trafficking offenses charged by the state, R.C. 2925.03 does not allow separate punishments to be imposed for his conduct. By imposing separate sentences of 11 years for Pendleton's conviction for trafficking in heroin in an amount over 50 grams and 8 years for his conviction for trafficking in fentanyl in an amount over 100 grams, the trial court punished Pendleton twice for a singular quantity of drugs, violating his right to be free from double jeopardy.**

*Id.,* at ¶ 19. The Supreme Court then remanded the case to the trial court for resentencing. *Id.* at ¶ 20.

{¶15} We recently applied *Pendleton* in *State v. Stevens*, 3d Dist. Marion No. 9-20-39, 2021-Ohio-2297, ¶ 22. We will follow the analysis set forth in these precedents as we consider Hardy's arguments. Turning to the facts of the case before this Court, a third-degree felony conviction for trafficking in heroin is established if the State proves the defendant had five grams but less than ten grams of heroin or a compound that includes heroin. R.C. 2925.03(C)(6)(d). Similarly, a third-degree felony conviction for trafficking in a fentanyl-related compound is established if the State proves the defendant had five grams but less than ten grams of a fentanyl-related compound. R.C. 2925.03(C)(9)(d).

-9-

{¶16} However, in the first controlled buy, Hardy trafficked 7.15 grams of heroin and fentanyl. Doc. 29.[3] For his involvement in this transaction, Hardy was sentenced for a third-degree-felony conviction for trafficking in heroin and a third-degree-felony conviction for trafficking in a fentanyl-related compound. Doc. 74. In other words, Hardy was convicted and sentenced for trafficking five grams but less than ten grams of heroin *and* five grams but less than ten grams of a fentanyl-related compound when only 7.15 grams of drugs changed hands in this controlled buy. Doc. 29, 74.

{¶17} Under *Pendleton*, neither of these two convictions can stand independently of the other for sentencing. *Pendleton, supra*, at ¶ 19. Hardy's conduct in the first controlled buy was "not factually capable of constitut[ing] both" the offense of trafficking in five grams but less than ten grams of heroin *and* the offense of trafficking in five grams but less than ten grams of a fentanyl-related compound. *Id*. As his "conduct does not simultaneously constitute the two weight-based drug-trafficking offenses charged by the state, R.C. 2925.03 does not allow separate punishments to be imposed for his conduct." *Id*.

{¶18} This same analysis holds true for the second and third controlled buys in which Hardy respectively trafficked 8.69 and 5.46 grams of a heroin-fentanyl

---

[3] In the first controlled buy, the confidential informant apparently purchased a 6.93 grams of a fentanyl-heroin compound and received "another small package of heroin basically as a bonus." Tr. 15. When heroin in the small package is included, the total amount of heroin and fentanyl trafficked in this transaction appears to be 7.15 grams. Doc. 29. *See* Appellee's Brief, 7.

compound. Doc. 29. In each of these subsequent controlled buys, the quantities of drugs exchanged could not constitute the offense of trafficking in five grams but less than ten grams of heroin *and* the offense of trafficking in five grams but less than ten grams of a fentanyl-related compound. *Pendleton, supra*, at ¶ 19. Thus, following *Pendleton*, the separate punishments that were imposed for Hardy's conduct in the second and third controlled buys are not permitted under R.C. 2925.03. *Id.*

{¶19} Setting aside the R.C. 2941.25 analysis, R.C. 2925.03 does not, given the facts of this particular case, permit the multiple punishments that were imposed for each of the three controlled buys in which Hardy was a participant. *Pendleton, supra*, at ¶ 19. For these reasons, Hardy's sole assignment of error is sustained. This case is remanded for resentencing. *See Stevens, supra*, at ¶ 29.

*Conclusion*

{¶20} Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Allen County Court of Common Pleas is reversed. This cause is hereby remanded to the trial court for further proceedings consistent with this opinion.

*Judgment Reversed*
*And Cause Remanded*

**ZIMMERMAN and MILLER, J.J., concur.**

**/hls**